## MEXICO INTERNATIONAL LAND CO. v. LARKIN.

### (Circuit Court of Appeals, Eighth Circuit. March 30, 1912.)

### No. 3,650.

#### (Syllabus by the Court.)

**1.** APPEAL AND ERROR (§ 500*)—RECORD OF ERROR REQUISITE FOR REVIEW.

The burden of proof is on the plaintiff in error to establish those errors of which he complains, and in the absence of proof by the record that a question of law arose, and that it was presented to and ruled upon by the court below, no error is established, because none could arise concerning a question which was not presented, considered, or decided by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

**2.** APPEAL AND ERROR (§ 262*)—REQUEST FOR PEREMPTORY INSTRUCTION AND EXCEPTION NECESSARY TO REVIEW.

A request for a peremptory instruction and an exception to its refusal is indispensable to a review of the submission of a cause to a jury in the trial of an action at law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1589, 1593–1595; Dec. Dig. § 262.*]

**3.** APPEAL AND ERROR (§§ 260, 263*)—EXCEPTION REQUISITE.

An exception to the ruling of the court in the admission or exclusion of evidence, and in the charge of the court, or its refusal to charge, is indispensable to the review of such rulings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1523, 1525–1532; Dec. Dig. §§ 260, 263.*]

In Error to the Circuit Court of the United States for the District of Kansas.

---

Action by the Mexico International Land Company against C. H. Larkin. Judgment for defendant, and plaintiff brings error. Affirmed.

W. F. Zumbrunn, for plaintiff in error.

Ira E. Lloyd, for defendant in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

SANBORN, Circuit Judge. This was an action at law on a promissory note, and the defense was that the defendant made an application to the plaintiff to purchase certain lands on condition that the plaintiff should approve an application and mail him a certain bond for a deed; that he paid $320 and signed and delivered the promissory note on condition that the money should be refunded and the note should be canceled if the application was not approved, or if the bond was not sent; and that neither had been done. The plaintiff replied that the application was approved by it, and that the bond was withheld at the request of the defendant. There was a trial by jury. At the close of the trial the court charged the jury and submitted to them the issues whether or not the application was approved by the plaintiff and whether or not the bond was withheld at the request of the defendant, and the jury returned a verdict for the defendant for the sum of $320 and interest.

[1, 2] It is assigned as error that the court permitted the case to be submitted to the jury, that it allowed the jury to return a verdict for the defendant, and that it did not peremptorily instruct them to return a verdict for the plaintiff. But the plaintiff did not request the court to instruct the jury to return a verdict in its favor, nor did it take any exception to its charge or to its submission of the case to the jury for decision. In an action at law the burden is on the plaintiff in error to establish the existence of those errors of which he complains, and in the absence of proof by the record that a question of law arose, and that it was presented to and ruled upon by the court below, no error is established, because none could arise concerning a question which was not presented, considered, or decided by the trial court. Southern Pacific Company v. Arnett, 126 Fed. 75, 77, 61 C. C. A. 131, 133. Because there was no request, and no ruling on a request, for a peremptory instruction in favor of the plaintiff, and because there was no exception to any ruling relative to the matters now assigned as error, there is nothing in this case for this court to review.

[3] It is indispensable to a review in the courts of the United States of any ruling of a trial court on the admissibility of evidence, or in the charge of the court, or the submission of the case to the jury that the ruling of which complaint is made should be challenged, not only by an objection, but by an exception taken and recorded at the time, to the end that the attention of the trial judge may be sharply called to the question presented, and that a clear record of his action and its challenge may be made. Potter v. United States, 122 Fed. 49, 55, 58 C. C. A. 231, and cases there cited.

The judgment below is affirmed.