FEDERAL MINING & SMELTING CO. v. HODGE.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1914.)

No. 2325.

1. MASTER AND SERVANT (§ 274*)—ACTION FOR INJURY TO SERVANT—EVIDENCE.
    In an action by an employé against a mining company for a personal injury sustained by plaintiff while riding on a skip being drawn up a shaft, in which defendant pleaded contributory negligence as one ground of defense because of the place where plaintiff was sitting on the skip, evidence was admissible to show that it was customary for the men to ride where he did.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 939–949; Dec. Dig. § 274.*]

*For other cases see same topic &.§ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. MASTER AND SERVANT (§§ 286, 288, 289*)—ACTION FOR INJURY TO SERVANT —QUESTIONS FOR JURY.

Evidence considered in an action by a servant against the master for a personal injury, and *held* to justify the court in denying a motion by defendant for a directed verdict and in submitting the questions of defendant's negligence and plaintiff's contributory negligence and assumption of risk to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050, 1068–1090, 1092–1132; Dec. Dig. §§ 286, 288, 289.*]

Assumption of risk incident to employment, see note to Chesapeake & O. R. v. Hennessey, 38 C. C. A. 314.]

3. APPEAL AND ERROR (§ 169*)—REVIEW—QUESTIONS CONSIDERED.

An appellate court on a writ of error cannot consider questions which were not presented to nor ruled upon by the trial court, but is limited to errors of law in the rulings of that court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1018–1034; Dec. Dig. § 169.*]

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action at law by C. H. Hodge against the Federal Mining & Smelting Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error was the plaintiff in an action against the plaintiff in error to recover damages for injuries sustained while in the employment of the latter. The parties will be designated plaintiff and defendant, as they were in the court below. The plaintiff when injured was riding upon the bail and cable of a small skip operated on a hoistway or shaft of the defendant's mine. The hoistway was inclined at an angle of about 45 degrees, and was 500 feet long. The skip was a small car about eight feet long and three feet wide, with four wheels which ran on T-rails. To the upper end of the skipway was attached a bail made of an iron rod about an inch in thickness, bent in a semicircular shape, and extending about a foot or a foot and a half above the skip. To the bail was attached a cable which passed up to the top of the skipway, and over a sheave wheel, and thence down the skipway to the drum of a small hoist situate beneath the skipway. There was no indicator upon the hoist. To signal to the engineer to hoist or lower the skip, a flashlight system was used. It consisted of a number of 16 candle power electric lights, one installed at the hoist, and one at each of the levels, the lights being all connected in one circuit, and flashed by means of a cord provided at each level and within reach of persons riding upon the skip. The cord was used by the men riding on the skip, as well as by those who might be standing at stations, to signal the engineer to stop the skip. When the cord was pulled, all the lights would go out momentarily, and this was the signal to the engineer. To prevent the skip from running into the sheave wheel at the upper end of the hoist, there was placed across the skipway near the wheel a bulkhead or timber about 16 inches in diameter. The skip accommodated five men, and, when six rode upon it, it was necessary for one of them to sit upon the bail, leaning upon the cable with his feet braced upon the top of the skip. Six men had been riding on the skip just before the accident. The plaintiff was sitting on the bail. The skip had stopped at one of the levels and two of the men had gotten off. The remaining men intended to stop at the top level, but the skip was being drawn so fast that a signal to stop there could not be given. The skip was drawn on until it ran into the bulkhead where it stopped, and the plaintiff's leg was pinned between the timber and the skip.

The plaintiff in his complaint alleged negligence of the defendant in failing to have an indicator on the hoist so that the hoistman below could know

the location of the skip, and in not having a proper system of signals for stopping the skip; in that the skipway was improperly lighted and the cable was old and uneven in size and did not wind evenly around the drum; and in that no proper rules were provided for the operation of the skip. The defendant denied these allegations of the complaint, and alleged that the plaintiff was injured by reason of his own negligence in riding upon the bail of the skip, in disobedience of the rules, regulations, and orders of the defendant, and in failing to give a signal to the hoisting engineer, that he assumed the risks of the occupation, and that if he was injured he was injured from the negligence of a fellow servant. The jury returned a verdict for the plaintiff for $1,000, and judgment was rendered on the verdict.

Featherstone & Fox, of Wallace, Idaho, for plaintiff in error.

Walter F. Morrison, Jr., of Cœur d'Alene, Idaho, and F. C. Robertson and Fred Miller, both of Spokane, Wash., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is contended that the trial court erred in admitting evidence of the custom of the miners to ride six at a time on the skip, one of them sitting on the bail and cable. The contention relates to evidence which was admitted on the examination of one of the plaintiff's witnesses. On cross-examination he had testified that six men would ride on the skip, one of them upon the bail. On redirect examination he testified that the men had been riding six at a time ever since the skip had been installed. He was then asked:

"Q. Was there any rule there as to how many should go up? A. Never heard of any. Q. Any orders? A. No, sir; never heard of any. Q. Any custom? A. Well, the custom was six. Q. Always?"

To the last question objection was made. The objection was overruled, and an exception was taken, and, although there was no answer to the last question, it appears that when the witness was recalled he testified, over the objection of the defendant, that when six rode it was the invariable custom that one of them rode on the bail. The objection which was made to this testimony was that the defendant was not bound by any such custom. If by that it was meant that proof of such custom was not admissible to show liability on the part of the defendant, the answer is that it was not admitted for any such purpose, but for the purpose of showing the customary method of using the skip, and for the light which it might incidentally afford on the question of the plaintiff's contributory negligence. In that connection the court charged the jury that the mere fact that others may have ridden in the same position which the plaintiff occupied that day was not conclusive of the question of his negligence or want of negligence, and also instructed the jury as follows:

"You should bear in mind that the evidence does not show, at least expressly show, the assent of the company to any particular manner or mode of use of the skip."

We find no error therefore in the admission of the testimony.

Nor was it error to permit one of the witnesses to answer the question: "Was there any bell system for signaling?" The objection to

this testimony was that it had been shown that the flash signal worked perfectly on all occasions except one, and that it was the province of the court to determine whether or not that system was sufficient. The witness had already testified without objection from the defendant that there was no indicator on the hoist. The testimony was but explanatory of the method which was used for signaling the engineer at the hoist.

[2] Error is assigned to the refusal of the defendant's requested instruction that the jury return a verdict in its favor. The request was based upon the evidence which, it was said, showed that there was no actionable negligence on the part of the defendant causing the injury complained of, that the injury was caused by the plaintiff's want of care and negligence, and that he assumed the risk. We think the court committed no error in denying the request and in submitting to the jury the question of the defendant's negligence; the evidence tending to show that negligence consisted in the fact that the defendant maintained and operated the skip without installing an indicator, by means of which the man at the hoist could determine from time to time the exact location of the skip. There was evidence tending to show that the method which was used for signaling to the man at the hoist was defective, and that it was because of its defects that the accident occurred. The defendant used that method in violation of the express provisions of a statute of Idaho of the year 1909, which provided:

"Whenever a steam, electric, gas, air, or water driven hoist is used in handling of men in mines, it shall be equipped with an indicator, placed in clear view of the hoist engineer and geared positively to the shaft or drum of the hoist, and so adjusted with dial or slide as to provide a target or indicator that will at all times show the exact location of the bucket, cage or skip."

And the statute further provided that a copy of the bell signals should be posted before the hoist engineer and on each station.

In support of its contention that the motion for a directed verdict should have been granted on the ground of the plaintiff's contributory negligence, the defendant cites decisions in which it has been held that an employé who rides upon the pilot of an engine in going to and from his work is as a matter of law guilty of contributory negligence, on the ground of the inherent and obvious danger of so doing. But it does not appear that the plaintiff was riding in a place which was necessarily dangerous. The only conceivable danger was that of collision between the skip and the bulkhead. If there had been a proper indicator, so that the hoist engineer could have known where the skip was, that danger would have been eliminated. But the defendant says that the plaintiff ought to have removed himself from the place in which he was riding when the skip stopped on the way to permit two men to get off; that, when they did so, he should have taken the place of one of them on the skip. But the evidence shows that the pause was only momentary, that the men who stepped off the skip were on the lower part thereof, that there was no vacant place adjacent to where the plaintiff was, and that there was nothing to indicate to him that there was greater danger in proceeding as he was than there had been before the skip stopped.

[3] But it is urged that in riding on the bail the plaintiff violated the statute of the state of Idaho, which forbids any miner to ride on the bail of a skip, and that therefore he cannot recover. That suggestion is made for the first time in this court. It was not brought to the attention of the court below by any plea, proof, or request for an instruction or ruling, and no error is assigned to any action of the court below in regard to it. This court can consider only errors of law in the rulings of the lower court. Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, 140, 52 C. C. A. 95; Jones v. United States, 179 Fed. 584, 592, 103 C. C. A. 142; City of Pittsburgh v. Jonathan Clark & Sons Co., 154 Fed. 464, 467, 83 C. C. A. 262; Hatcher v. Northwestern Nat. Ins. Co., 184 Fed. 23, 25, 106 C. C. A. 225; Walker v. Sauvinet, 92 U. S. 91, 23 L. Ed. 678; Robinson & Co. v. Belt, 187 U. S. 41, 50, 23 Sup. Ct. 16, 47 L. Ed. 65; Mercantile Trust Co. v. Hensey, 205 U. S. 298, 306, 27 Sup. Ct. 535, 51 L. Ed. 811, 10 Ann. Cas. 572.

Nor do we think that the case should have been taken from the jury on the ground that the plaintiff assumed the risk, for it cannot be said that the defect of the device for signaling to the hoist engineer was so patent and obvious that he should be charged with knowledge of it.

The only exception to the charge of the court was to that portion thereof which calls to the attention of the jury the fact that they may take into consideration any custom, which existed on the part of the employés, of riding on the bail. The argument in support of the exception is that such a custom would not exonerate the plaintiff of the charge of contributory negligence, and assumption of risk. The argument is based on a misconception of the instructions as they were given. The court did not instruct the jury that the existence of such a custom would exonerate the plaintiff from the charge of contributory negligence. The instruction on that subject was that:

"The mere fact that others may have ridden in the same position which he occupied that day is not conclusive of the question of his negligence or want of negligence."

And the court submitted to the jury the question whether an ordinarily reasonable man, of ordinary prudence, would have occupied the position he did on the skip, and said that they might take into consideration as another circumstance the fact that some others used it, also the testimony of one of the witnesses who had ridden on the car for three years and had never occupied that position, and added:

"All of these facts and circumstances are to be considered by you in determining whether or not the plaintiff himself acted carelessly and negligently in occupying that position at the time of the accident."

We find no error.

The judgment is affirmed.