## BALTIMORE & O. R. CO. v. SMITH.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1915.)

### No. 1310.

1. RAILROADS ⬥400—ACTION FOR INJURY TO CHILD ON TRACK—QUESTIONS FOR JURY.

Evidence in an action for injury to a child by being struck by a train on defendant's railroad *held* to justify the submission of the case to the jury, on the ground that it tended to show that the engineer saw the child in time to have stopped the train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. ⬥400.]

2. APPEAL AND ERROR ⬥1004—REVIEW—EXCESSIVE VERDICT.

A federal appellate court is without power to reverse a judgment in an action for a personal injury on the ground that the verdict is excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. ⬥1004.]

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; Benjamin F. Keller, Judge.

Action at law by Frances E. Smith, an infant, by her next friend, Isaac V. Smith, against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Rankin Wiley, of Point Pleasant, W. Va., for plaintiff in error.

L. C. Somerville, of Point Pleasant, W. Va. (Somerville & Somerville, of Point Pleasant, W. Va., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WOODS, Circuit Judge. [1] The plaintiff, Frances E. Smith, a child about five years old, having strayed on defendant's track, was run over by its passenger train and received injuries for which she claims compensation in this action. On the first trial the District Court directed a verdict for the defendant. On appeal this court ordered a new trial, holding that there was evidence from which the inference might be drawn that the engineer saw the little girl on the track in time to stop the train before striking her; that, instead of using instantly all available means to stop the train, he sounded the alarm first, in the hope that she would get off the track before the train reached her; and that only afterwards, when it was too late, he applied the air brakes and stopped the train. On this point the court held as to the law of the case:

"Surely the sight of a little girl of five years, not standing still nor moving off, but running down the track in front of the moving engine, might reasonably be regarded as instant notice to the engineer of the child's being aware of the approach of the train and in such a state of consternation as to be unable to take care of herself. If the jury should find that the engineer did see the plaintiff in this situation in time to stop, they might well say that as a man of ordinary discretion he should have known that he had not a moment to spare and should have used every effort to stop the train."

At the second trial the jury found a verdict in favor of the plaintiff. Defendant assigns error in the refusal of the District Judge to direct

a verdict for the defendant, insisting that the evidence on the part of the plaintiff was so much weaker and that on the part of the defendant so much stronger that the plaintiff's case appeared at the conclusion to have no reasonable foundation. We are unable to assent to this view. It is true that the reputation for truthfulness of Aleshire, an important witness for the plaintiff, was much shaken; but if his evidence, and that of Mrs. Smith, the mother of the plaintiff, be laid aside, this other testimony was sufficient to carry the case to the jury. Shively, a mail agent, testified that he heard the sharp blast of the danger signal about 250 to 300 feet from where the train stopped and that the air was put on later about 50 feet from the stop. The engineer testified that the train was actually stopped in 68 to 70 feet. On the second trial he testified that the child was attempting to cross the track when he saw her, and it might be inferred that it was for this reason that he did not, as he says, see the child until he was within 30 feet of her. On the former trial he testified that she was on the track, and that he did not see her because of the curvature of the track, when by survey the track is shown to be perfectly straight for 130 feet from the place of the accident, and to have a curvature of only 2⅕ feet in 100 feet more. Without further analysis of the evidence, this is enough to show that on this trial, as the court held to be the case in the first, reasonable men might draw these different inferences on vital issues, namely: First, that the engineer's statement that he used every means at hand to stop the train as soon as he saw the child, was correct, or that in the emergency which was upon him he at first relied on the alarm whistle and failed to apply the brakes until it was too late; second, that the engineer, in the emergency which was upon him, did all that could be expected of a reasonably prudent man, or that, even allowing for the emergency, a reasonably prudent man could and would have stopped the train in time.

The differences in the testimony, the allowance to be made for the confusion of the moment, the reliability of the estimates of time and distance of the several witnesses on which the case depended, were all matters of fact peculiarly within the province of the jury. The charge was clear and explicit, stating the law applicable to the case as indicated in the former opinion of this court. The exceptions to it involve merely verbal criticisms too minute for discussion.

[2] It is earnestly urged that the verdict of $15,000 is so large as to indicate prejudice, caprice, or corruption, and that this court should reverse the judgment of the District Court refusing to set it aside. We are denied the power to grant a new trial for an excessive verdict in an action of this character. Parsons v. Bedford, 3 Pet. 433, 7 L. Ed. 732; N. Y. C. & H. R. R. Co. v. Fraloff, 100 U. S. 24, 25 L. Ed. 531; Blitz v. United States, 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725.

Affirmed.

KNAPP, Circuit Judge. The facts presented in this record are somewhat less favorable to the plaintiff than those disclosed on the first trial, but not sufficiently so in my judgment to warrant a different decision. Although I adhere to the views expressed in my dissent

on the former appeal, I concur in affirming this judgment, because the opinion of the majority then rendered is the law of the case so far as this court is concerned.

WADDILL, District Judge. I concur in the result reached in the foregoing opinion; the law of the case having been settled by the previous decision of this court.