INTERNATIONAL LUMBER CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1916. Rehearing Denied May 12, 1916.)

No. 4332.

1. APPEAL AND ERROR ☞248—QUESTIONS REVIEWABLE—NECESSITY OF EXCEPTIONS.

An appellate court on a writ of error can only consider errors which have been properly excepted to at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1432, 1435–1439, 1443, 1447–1452, 1454–1459, 1462, 1464–1468; Dec. Dig. ☞248.]

2. TRIAL ☞420—MOTION FOR DIRECTED VERDICT—WAIVER.

The introduction of evidence by defendant after the court overruled its motion for a directed verdict at the close of plaintiff's testimony waives any error in the ruling on the motion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. ☞420.]

3. PUBLIC LANDS ☞13—GOVERNMENT OWNERSHIP—CUTTING TIMBER—EVIDENCE—WILLFUL TRESPASS.

Where the evidence was undisputed that a homestead entryman arranged for the disposition of the timber on government land, and thereafter filed a homestead entry for such land, which, he was notified, was suspended because of a conflict with the claim of the state under the Swamp Land Act, but nevertheless he cut all the merchantable timber

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

therefrom, without making any attempt to cultivate the land, his trespass was willful, and the United States can recover the value of the timber from a purchaser.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. ☞13.]

4. TRIAL ☞260(3)—REQUESTED INSTRUCTIONS—REPETITION OF GIVEN CHARGE:
Where the court had charged the jury that, unless plaintiff established by a fair preponderance of the evidence that the defendant, and not another corporation, as claimed, bought the timber cut by a willful trespasser, their verdict should be for defendant, it was not error to refuse a charge requested by defendant, to the same effect, but in different words, which included in addition the statement that it was not evidence to hold the defendant that its officers were also the officers of the other corporation.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 653; Dec. Dig. ☞ 260(3).]

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by the United States against the International Lumber Company. Judgment for the United States, and defendant brings error. Affirmed.

This was an action by the United States, the defendant in error, hereinafter called the plaintiff, against the plaintiff in error, referred to herein as the defendant, to recover the value of timber purchased by the plaintiff in error from one Arthur M. White, which it was charged had been wrongfully, unlawfully, and willfully cut and removed by White from the public lands of the United States, and by the defendant converted to its own use. The defendant in its answer pleaded a general denial, and as a special defense that the said White had entered upon and occupied the lands from which it was alleged the timber was cut for the purpose of acquiring them as a homestead, in conformity with the laws of the United States; that White went upon the premises, built a dwelling house thereon, clearing the land and cultivating the same; also that the logs described in the complaint as having been cut by him were sold to the Keewatin Lumber Company, and not the defendant, who purchased them in good faith, believing that said White had a good and lawful right to cut and remove the said timber, and that he did so for the lawful purpose of clearing and cultivating the land as required by the homestead laws of the United States; that all the acts of White, as well as those of the purchaser of the logs, were done and performed in good faith, believing that the said White had a lawful right and authority to cut and remove the logs, and that the purchaser had the right and authority to purchase the same. To this answer a reply was filed, denying the allegations in the answer. A trial to a jury was had, and upon a verdict in favor of the plaintiff, judgment was entered against the defendant, who now prosecutes this writ of error.

Harris Richardson, of St. Paul, Minn. (Walter Richardson, of St. Paul, Minn., on the brief), for plaintiff in error.

Alfred Jaques, U. S. Atty., of Duluth, Minn.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). While there are a number of assignments of error, the record shows that there were only three exceptions taken by the defendant, during the progress of the trial: (1) At the close of the testimony on behalf of the plaintiff, the defendant moved for a directed verdict in its favor,

which being refused by the court, an exception was saved. (2) Upon the close of all the testimony in the case the defendant again moved the court for a directed verdict in its favor, which was refused by the court, and an exception saved. (3) To that part of the charge which instructed the jury that the cutting of the timber by White was a willful trespass.

[1, 2] The rule is well settled that an appellate court, on a writ of error, can only consider such alleged errors as have been properly excepted to at the trial. Chicago, Burlington & Quincy Ry. Co. v. Frye-Bruhn Co., 184 Fed. 15, 106 C. C. A. 217; Mexico International Land Co. v. Larkin, 195 Fed. 495, 115 C. C. A. 405; Griggs v. Nadeau, 221 Fed. 381, 137 C. C. A. 189. As the defendant introduced evidence after the court had overruled its motion for a directed verdict at the close of the plaintiff's testimony, this exception was waived, and cannot be considered by this court. Bell v. Union Pacific Ry. Co., 194 Fed. 366, 114 C. C. A. 326.

[3] The other two exceptions may be considered together, as the counsel for the government announced in open court that, unless the trespass by White was willful, the plaintiff was not entitled to recover. It is only necessary, therefore, to determine whether the evidence was of such a nature as to justify the court in peremptorily charging the jury that the trespass by White was willful. While the evidence is quite voluminous, the facts are undisputed, showing that the trespass was willful.

From the evidence it appears that on December 17, 1908, Arthur M. White made an application at the United States land office at Cass Lake to enter the lands described in the complaint and some other lands as a homestead. The application for all the lands was suspended because of a conflict with the claim of the state of Minnesota, under the swamp land law, and remained suspended ever since. Notice of the suspension was sent to White by mail. But White, regardless of that fact, entered upon the lands described in the complaint, and which belonged to the United States, and began to cut and remove all the timber that was suitable for the purposes of lumber, without any attempt to cultivate the land, or any part of it, as required by the homestead laws. Before entering upon the land, and cutting this timber, White had made an arrangement for the disposition of the timber to one R. S. McDonald, who was the superintendent of the logging operations of the defendant company. This clearly established a willful trespass on the part of White.

[4] Counsel for the defendant insist that the evidence fails to establish that it was the defendant who purchased and converted these logs to its own use, but another corporation, the Keewatin Lumber Company, whose officers were the same as those of the defendant. The evidence on that question was conflicting, and the court in its charge left it to the jury to determine whether the defendant was the party who purchased and converted the logs to its own use. The court charged the jury that, if they find from a fair preponderance of the testimony that the defendant bought these logs, the verdict should be for the plaintiff.

As the logs were cut by White, the registered log mark and the registered bark mark of the defendant company were both stamped upon the logs by him, and in course of time they were received by the defendant and converted to its own use. The agreement to purchase the logs, when cut, was made with the defendant's superintendent, and the price paid by drafts on the defendant. The court in its charge to the jury called their special attention to this question of defendant's liability. It charged:

"Who bought these logs, the International Lumber Company or the Keewatin Lumber Company? Unless you believe from this testimony that the International Lumber Company bought these logs, you should find for the defendant. * * * If you believe from the evidence that it [the plaintiff] has * * * established by a fair preponderance of the testimony that the International Lumber Company bought these logs, then you should give your verdict for the plaintiff in this action, and the amount is simply a matter of calculation. * * * Gentlemen, if they were * * * sold to the International Lumber Company, then this International Lumber Company that is being sued here is liable for the value at that place at that time. But if they were sold to the Keewatin Lumber Company, then this International Lumber Company is not liable at all."

And later on the court again charged:

"Now, gentlemen of the jury, I charge you—I have already charged you—that if you believe from the evidence that the Keewatin Lumber Company bought the logs in question from White, through Weeks & McDonald, or either of them, then your verdict must be for the defendant."

The defendant had asked the court to charge the jury to the same effect, and in addition to that:

"It is not evidence to hold the defendant, that its officers were also the officers of the Keewatin Lumber Company."

The court had covered in its charge all that was requested by the defendant, although the language was not that used in the defendant's request. This is not necessary. Texas & Pacific Ry. Co. v. Watson, 190 U. S. 287, 23 Sup. Ct. 681, 47 L. Ed. 1057; Kansas City Southern Ry. Co. v. Clinton, 224 Fed. 896, 140 C. C. A. 340. Besides, no exception was taken to the refusal of the court to give this special instruction; so, even if there had been error in the refusal of the court to give these instructions, it would not be subject to review by this court.

We find no error in the record, and the judgment is affirmed.