## SIMMONS HARDWARE CO. v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit.   March 8, 1922.   Rehearing Denied June 9, 1922.)

### No. 5951.

1. **Appeal and error ⬅977(5)—Ruling on motion for new trial is not assignable as error.**

    The overruling of a motion for new trial is not subject to review in a United States appellate court, since it is addressed solely to the discretion of the trial court, so that error cannot be assigned on such ruling.

2. **Carriers ⬅154—Choice of lower rate is consideration for exemption of carrier's liability.**

    Where the carrier offers the shipper the choice of two rates, the higher one for carriage subject to common-law liability, and the lower one for carriage subject to certain exemptions from that liability, the lower rate was sufficient consideration for the exemption of the carrier's liability, especially when the exemption did not include the carrier's negligence.

3. **Carriers ⬅147—Cummins Act does not apply to loss exempted by bill of lading.**

    The Cummins Act, as amended by Act Aug. 9, 1916 (Comp. St. § 8604a), making the carrier liable for full value of goods lost in shipment, does not apply to a loss exempted by the bill of lading, but only to valuation in case of loss or damage for which the carrier is lawfully liable, especially where the bill of lading had been approved by the Interstate Commerce Commission, so as to be within the express exception in that statute.

4. **Carriers ⬅147—Limitation of common-law liability is not contrary to public policy.**

    A contract limiting the common-law liability of a carrier is not void as against public policy.

5. **Trial ⬅260(1)—Requested charge covered in other language need not be given.**

    It was not error for the court to refuse a requested charge, which was fully covered in the court's charge, though not in the language requested.

6. **Carriers ⬅137—Charge held not to limit time during which carrier must exercise care.**

    A charge stating that the evidence showed that the fire which destroyed plaintiff's goods while in possession of defendant carrier was started between 7 and 8 o'clock in the evening, that defendant was not required to take precaution against fire resulting from the riot till it could reasonably have anticipated danger to plaintiff's goods, but that, if the time came during the day or night in question that defendant could reasonably have anticipated such danger, then and only then it was required to exercise ordinary care in protecting the goods, was not subject to the exception that it limited the time during which defendant was required to exercise care to the time at which the fire was started.

7. **Witnesses ⬅269(2)—Cross-examination as to newspaper article concerning which witness had not testified was properly excluded.**

    Cross-examination of a witness as to the contents of a newspaper article was properly excluded, where the witness had not been examined on that question on direct examination, and the court stated it sustained the objection at that time.

8. **Appeal and error ⬅1051(3)—Exclusion of evidence as to notice to defendant of fact which it admitted it knew is not prejudicial to plaintiff.**

    The exclusion from evidence of a newspaper article, offered by plaintiff on the issue of notice to carrier of a riot in the course of which plaintiff's goods were destroyed, was not prejudicial to plaintiff, where defendant admitted knowledge of the riot.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**9. Appeal and error ☞263(1)—Exceptions to charge necessary.**

To justify an appellate court in considering alleged errors in the charge, the trial judge's attention should be called to them by exceptions, in order that he may be given an opportunity to correct them.

**1ξ. Trial ☞193(2)—Statement in charge objected to held mere opinion as to a fact.**

In an action by a shipper against a carrier for the loss of goods destroyed by fire, a statement by the court in its charge that there was no doubt that the fire was caused by a riot was merely the opinion of the trial court on a matter of fact, which is not reversible error, if the question was ultimately submitted to the jury, and no rule of law was incorrectly stated therein.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action at law by the Simmons Hardware Company against the Southern Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Shepard Barclay, of St. Louis, Mo. (Leonard, Sibley & McRoberts, of St. Louis, Mo., on the brief), for plaintiff in error.

Bruce A. Campbell, of East St. Louis, Ill. (Edward C. Kramer and Rudolph J. Kramer, both of East St. Louis, Ill., Samuel B. McPheeters, of St. Louis, Mo., and Edward P. Humphrey, of Louisville, Ky., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

TRIEBER, District Judge. This is an action by the plaintiff in error to recover the value of certain goods of the plaintiff and its assignors, delivered to the defendant and accepted by it as a connecting common carrier, to be transported to St. Louis, Mo., which by reason of its negligence were never delivered.

The answer, in addition to a general denial, pleaded that the shipments set out in the complaint were delivered to the initial carrier under and subject to the terms and conditions of the uniform bill of lading, in the form prescribed by the provisions of the Interstate Commerce Acts (Comp. St. § 8604a et seq.), which were delivered to the shippers at the time the shipments were made, which bills of lading provided that the carrier or party in possession of the property received should not be liable for any loss or damage occasioned by or resulting from strikes or riots, and that the goods involved were destroyed by fire caused by a riot in the city of East St. Louis, Ill., and therefore defendant is not liable.

The reply denies that the fire which destroyed the goods resulted from any riot; that the provision in the bills of lading exempting the carrier from loss by riot was unlawful and therefore void; and charges that the destruction of the goods was by reason of defendant's negligence.

There was a trial to a jury and a verdict for the defendant. It is undisputed that, at the time and the place where the cars containing the goods were standing, there was a serious riot, that the rioters set

fire to houses at a number of places, some near the cars, from which latter place the fire spread to the cars and destroyed them and the contents, including the goods sued for in this action. The cause was tried on a stipulation as to some of the facts and oral evidence as to others. It is unnecessary to set out the agreed facts introduced by the plaintiff, as they only tended to prove some of the allegations, not controverted, although put in issue by the general denial in the answer. The material parts of the agreed facts introduced on behalf of the defendant are:

That the shipments were interstate, and were destroyed by fire while in the cars in the Sixth Street yards of the defendant in East St. Louis, Ill., on the evening of July 2, 1917; that the fire was communicated to the cars and goods therein contained from a fire or fires in buildings in the vicinity of the Sixth Street yards, and near the tracks and places on the tracks where the cars were located, from which said buildings the fire spread to the said cars and goods; that the said fire or fires in the buildings in the vicinity of the Sixth Street yards were set or started by rioters, then and there engaged in a riot in the city of East St. Louis, Ill., and that the defendant was not in any way responsible for the said riot, or for its inception, or for its continuance; that all the terms and conditions of the bills of lading were duly performed by plaintiff and defendant.

That the bills of lading contained the following clause: "Except in cases of negligence of the carrier or party in possession (and the burden to prove freedom from such negligence shall be on the carrier or party in possession) the carrier or party in possession shall not be liable for loss, damage or delay occurring while the property is stopped and held in transit upon request of the shipper, owner, or party entitled to make such request; or resulting from a defect or vice in the property or from riots or strikes."

"That the bill of lading in each shipment was the standard or uniform bill of lading of the initial carrier in each shipment, and that each and every one of said forms or bills of lading had been expressly approved by the Interstate Commerce Commission of the United States prior to January 1, 1917, and that each and every one of the same were in full force and effect during all of the times involved herein, and that said approval had not been withdrawn at the time of the destruction of plaintiff's property; that each and all of the said bills of lading were set forth and contained in the tariffs and schedules of rates legally and lawfully filed with the Interstate Commerce Commission prior to January 1, 1917; that said tariffs were filed, published, posted, and kept open for inspection in the manner required by law, and were lawfully in effect prior to and at the time of each shipment involved herein, and during all of the times thereafter until after the destruction of said property; that the shipper in each case was given by the carrier, under and by virtue of the provisions of said tariffs and schedules of rates, an essential choice of rates whereby the shipper was given a choice of a higher rate if the goods were shipped under unlimited carrier's liability bill of lading, instead of under the said uniform or standard bill of lading under which they were shipped."

The assignments of errors, in so far as they are properly before us, and as they require consideration, are:

The refusal of the court to give the following special request of the plaintiff:

"The court charges the jury that in this case the burden of proof is on defendant to prove freedom from negligence while said goods were in possession of defendant, and that unless defendant has established, by a preponderance of the evidence, that defendant, in the care of said goods and in taking measures for their protection, prior to their being reached by the fire which destroyed them, exercised the care which a person of reasonable pru-

dence and caution would have taken for the protection of said goods, then your verdict should be for the plaintiff on each count of the petition."

And the following exception to the charge:

"We except to your honor's limitation of time for the exercise of care. We think that care is to be exercised at all times. The question of whether the fire was at a particular hour or not we regard as a question for the jury. We except to any limitation of the time within which the defendant was required to exercise care, and therefore to that part of your charge which appears to have a limitation of time as to that duty."

In the assignment of errors other parts of the court's charge are assigned as error; but as this court, on writ of error, can only examine such as had been called to the attention of the trial judge by proper exceptions, it will serve no useful purpose to quote or refer to them in this opinion.

[1] The assignment that the court erred in overruling plaintiff's motion for a new trial is not subject to review in an appellate court of the United States, as it is addressed solely to the discretion of the trial court. This is too well settled to require a citation of authorities, although eminent counsel still frequently incumber the record with such an assignment.

Another proper assignment is the refusal of the court to permit plaintiff to introduce in evidence and read to the jury articles which appeared in the Globe-Democrat of May 30, 1917, and July 2, 1917, a newspaper published in the city of St. Louis, Mo., giving accounts of the riots in East St. Louis, of the beating of negroes and burning of houses.

Counsel for plaintiff earnestly insisted that the provision in the bills of lading, exempting the carrier from liability for loss resulting from riots, except in cases of negligence of the carrier, with the further provision, "except in cases of its negligence, and the burden of proof to prove freedom from any such negligence shall be on the carrier or party in possession," is wholly void, as being against public policy and unauthorized by law, notwithstanding the facts set out in the stipulation of facts offered in evidence by the defendant and hereinbefore set out. It is also insisted that the exemption is without consideration.

[2] As to the latter it is sufficient to call attention to the agreed facts that under the tariffs filed with and approved by the Interstate Commerce Commission:

"The shipper in each case was given by the carrier, under and by virtue of the provisions of said tariffs and schedules of rates, an essential choice of rates whereby the shipper was given a choice of higher rate, if the goods were shipped under unlimited carrier's liability, instead of under the said uniform standard bill of lading under which they were shipped."

That this is a sufficient consideration for the exemption, especially when negligence of the carrier is excluded, as is done under the bills of lading in the case at bar, has been settled beyond question. As stated in a late opinion, Union Pacific R. R. v. Burke, 255 U. S. 317, 321, 41 Sup. Ct. 283, 284, 65 L. Ed. 656:

"In many cases, from the decision in Hart v. Pennsylvania R. R. Co., 112 U. S. 331, decided in 1884, to Boston & Maine R. R. v. Piper, 246 U. S. 439,

decided in 1918, it has been declared to be the settled federal law that if a common carrier gives to a shipper the choice of two rates, the lower of them conditioned upon his agreeing to a stipulated valuation of his property in case of loss, even by the carrier's negligence, if the shipper makes such a choice, understandingly and freely, and names his valuation, he cannot thereafter recover more than the value which he thus places upon his property."

In York Co. v. Central Railroad, 70 U. S. (3 Wall.) 107, 18 L. Ed. 170, the court, in ruling on a like contention, said:

"The second position is answered by the fact that there is no evidence that a consideration was not given for the stipulation. The company, probably, had rates of charges proportioned to the risks they assumed from the nature of the goods carried, and the exception of losses by fire must necessarily have affected the compensation demanded."

In the case at bar it is admitted that there were different rates.

[3] The Cummins Act, as amended by Act Aug. 9, 1916, c. 301, 39 Stat. 441 (section 8604a, U. S. Comp. St. 1916), invoked by plaintiff, is inapplicable to a loss exempted by the bill of lading, and only applies to valuation in case of loss or damage for which the carrier is lawfully liable. But, even were it otherwise, this act expressly excepts—

"property, except ordinary live stock, received for transportation concerning which the carrier shall have been or shall hereafter be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property," etc.

The stipulation introduced in evidence is that—

"The bill of lading in these shipments had been expressly approved by the Interstate Commerce Commission."

[4] The other contention, that a carrier may not by contract limit his liability, being against public policy, and that for this reason the exemption relied on is void, is equally without merit. In York Co. v. Central R. R., supra, decided in 1865, it was held that a carrier may limit his common-law liability, and this has never been departed from. In Rose's Notes to U. S. Reports, the numerous cases in which this case has been cited and followed will be found, and it is unnecessary to cite them herein. In Cau v. Texas Pacific Ry., 194 U. S. 427, 24 Sup. Ct. 663, 48 L. Ed. 1053, a provision in a bill of lading for exemption from loss by fire was upheld. Without prolonging this opinion by a citation of the many authorities sustaining limitations of liability, we refer to American Express Co. v. U. S. Horse Shoe Co., 244 U. S. 58, 63, 37 Sup. Ct. 595, 61 L. Ed. 990, and authorities there cited.

Learned counsel for plaintiff, whose familiarity with the rulings of the national as well as state courts, and great diligence in collecting the authorities to sustain his contention, is well known to this court, failed to cite a single authority by a national court in point. We are therefore justified in assuming that his search for them has been no more successful than ours.

[5] The refusal of plaintiff's request set out hereinbefore was fully covered in the court's charge, although not in the language requested. This is sufficient, as has been uniformly held by all appellate courts.

[6] The exceptions to the charge are clearly without merit. The court did not limit the jury to any time the defendant was to exercise due care in protecting these shipments, but left the entire question of negligence and exercise of due care to the jury. What the learned trial judge said as to time was:

"The evidence in this case tends to show that the fire which destroyed these goods was set or started between 7 and 8 o'clock p. m. on July 2, 1917."

And further on:

'I charge you that the defendant was not required to take precaution against fire resulting from this riot until such time as in the exercise of ordinary care upon its part the defendant could reasonably have anticipated that the goods of the plaintiff were liable to be destroyed; and if you shall believe from the evidence that a time came during the *day* or *night* in question that the defendant could reasonably have anticipated that the goods of plaintiff were liable to be destroyed or damaged by reason of a fire, occasioned by this riot, only then, and only thereafter, was the defendant required to exercise ordinary care in protecting and taking care of plaintiff's property."

This clearly submitted the question of the defendant's duty to exercise care, without limiting it to between 7 and 8 o'clock p. m.

[7, 8] The court committed no error in sustaining objections to the introduction of the newspaper articles relating to the riot, as it was offered on cross-examination of a witness for the defense, who had not been examined on that question in the direct examination. The objection was: "We object to it at this time." The court said: "I shall sustain the objection at this time." Mr. Barclay: "It is on the question of notice to him." But, as defendant admitted knowledge of the riot in the city, the ruling of the court could in no wise be prejudicial.

The request for a directed verdict was properly denied. Without setting out the evidence, in which there was very little conflict on the issue of negligence on the part of the defendant, it is beyond question that there was substantial evidence to warrant the jury finding that the loss was caused by reason of the fires set by rioters to houses in the vicinity where the cars containing the goods were standing and that the defendant was not guilty of negligence. This required a submission to the jury, unless the contention that the loss was not the proximate effect of the riot can be sustained.

[9] It is also assigned as error that the court in its charge told the jury: "There is no manner of doubt that the fire in this case was caused by the riot." This is clearly an afterthought. The court in its charge told the jury: "There is no manner of doubt that the fire in this case was caused by a riot." No exception was taken to this part of the charge, nor any request made to charge the jury as now contended. To justify an appellate court to consider alleged errors, the judge's attention should be called to it, in order that he may be given an opportunity to correct them; fairness to the court requires it. McDermott v. Severs, 202 U. S. 600, 610[1]; Norfolk & Western Ry. Co. v. Earnest, 229 U. S. 114, 120, 33 Sup. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172; Guerini Stone Co. v. Carlin Constr. Co., 248 U. S. 334, 338, 39

[1] 26 Sup. Ct. 709, 50 L. Ed. 1162.

Sup. Ct.102, 63 L. Ed. 275; Pennsylvania R. R. Co. v. Minds, 250 U. S. 368, 375, 39 Sup. Ct. 531, 63 L. Ed. 1039; Lesser Cotton Co. v. St. Louis, etc., Ry. Co., 114 Fed. 133, 52 C. C. A. 95; Mexico International Land Co. v. Larkin, 195 Fed. 495, 115 C. C. A. 405; Griggs v. Nadeau, 221 Fed. 381, 137 C. C. A. 189; International Lumber Co. v. United States, 231 Fed. 873, 146 C. C. A. 69.

[10] Another reason why this contention is not tenable, is, as stated in Lesser Cotton Co. v. St. Louis, etc., Ry. Co., supra, that—

"The declaration of the court here challenged was nothing more than its expression of opinion upon a question of fact which the jury was permitted to determine. No rule of law was incorrectly stated, or stated at all, in this portion of the instructions. And the opinion of the trial court upon matters of fact which are ultimately submitted to the jury is not reviewable on error, so long as no rule of law is incorrectly stated therein."

The record fails to show that the trial court committed any error in the trial of the cause, and the judgment must be and is affirmed.