## PANAMA R. CO. v. STROBEL.

(Circuit Court of Appeals, Fifth Circuit.   June 6, 1922.)

### No. 3752.

1. **Master and servant 351—Remedy of injured employé under federal Compensation Act not exclusive.**

   The remedy given to an employee of the United States for an injury incurred through negligence of Panama Railroad Company, under federal Employés' Compensation Act (Comp. St. §§ 8932a–8932uu), is not exclusive, and he may at his election maintain an action against the company.

2. **Carriers 320(22)—Whether derailment of cars was due to negligence held question for jury.**

   Where a part of the cars in a train left the rails and were wrecked, no extraneous cause being shown, the question of the company's negligence *held* properly submitted to the jury in an action for injury to one on board the train.

3. **Appeal and error 201(2)—Objection and exception essential to review of matters arising during trial.**

   Remarks of the court to counsel during a trial are not reviewable, where nö objection was made nor exception taken at the time.

4. **Appeal and error 1004(3)—Appellate court cannot set aside verdict as excessive.**

   A federal appellate court has no power to set aside a verdict as excessive, that being a matter for the trial court on motion for new trial.

In Error to the District Court of the United States for the Canal Zone; John W. Hanan, Judge.

Action at law by Louis Strobel against the Panama Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Walter F. Van Dame, of Ancon, C. Z., for plaintiff in error.

Chauncey P. Fairman, of Cristobal, C. Z., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge.   The defendant in error, Strobel, brought suit in the District Court of the Canal Zone against the Panama Railroad Company to recover for injuries received from the derailment of a train upon which he was traveling as a guard, under orders of his superior officers.   He was not an employee of the railroad company, but of the United States, and was guarding a coach entirely occupied by convicts, who were being transported on said railroad.   The wrecked train was made up of an engine, two refrigerator cars, five second-class passenger coaches, a baggage car, four first-class passenger coaches, a hospital car, and an observation car, in the order named.   Strobel was in the passenger coach, immediately behind the refrigerator cars.

The derailment of the cars occurred on a downgrade just beyond a slight curve; the second refrigerator car, the second-class passenger cars, and the north truck of the baggage car leaving the rails, and the engine and remaining cars not being derailed.   The second refrigerator car and two second-class passenger coaches were demolished.   Strobel recovered a verdict of $8,500.   The court refused a new trial, and the railroad company has taken this writ of error.

[1] The point to be considered is the action of the court in overruling the railroad company's demurrer to the complaint, and in refusing to direct a verdict for the railroad company on the ground that Strobel's only remedy was to apply for the allowance of compensation under the Compensation Act of Congress of September 7, 1916 (39 Stat. 742; U. S. Comp. St. § 8932a et seq.). Strobel was an employee of the United States, and entitled to avail himself of the provisions of the Compensation Act. We do not think, however, that this was an exclusive remedy, but that he had the alternative either to apply for compensation under this act, assigning to the United States his cause of action against the railroad company, or to refrain from making application for compensation and bring suit against the railroad company, as he did. The decision rendered by this court at this term in Panama Railroad Company, Plaintiff in Error, v. Minnix, Defendant in Error 282 Fed. 47, fully sets forth our opinion on this subject, and no further discussion of it is necessary.

[2] It is insisted that the facts did not make out a case of negligence, and that plaintiff was for this reason not entitled to recover. In this case the person injured was in no manner concerned in the operation of the train; he was not in the employ of the railroad company, but being transported thereon, engaged as a public officer of the Canal Zone in policing the train and preventing disorder. The train, without any apparent extraneous cause, left the track by reason of one of the cars running off. The train was composed of loaded freight cars ahead of the passenger equipment, and the circumstances of the accident suggest in the absence of any other explanation, that some defect in equipment or track, or fault in operation, was the cause. Gleeson v. Virginia Midland R. R. Co., 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458, 10 C. J. 1025. We therefore think the trial court did not err in refusing to direct a verdict for the defendant, but in leaving the case to the jury.

Under the facts of the case, we do not think that the court erred in refusing the requests to charge made by the defendant railroad company. So far as they were proper, they were covered by the charge of the court. No exceptions were reserved on the trial to said charge.

We find no reversible error in the rulings of the court on the admission of evidence. Indeed, no exceptions appear to have been reserved to any action of the court, except the refusal to direct a verdict on the grounds above noted, and the refusal to charge the special requests of the railroad company. International Lumber Co. v. United States, 231 Fed. 873, 146 C. C. A. 69; Miller & Lux v. Petrocelli, 236 Fed. 846, 150 C. C. A. 108.

[3] No objection was made or exception noted during the trial to the remark of the court to counsel, and hence no error now assigned as to it can be considered by this court. Lane v. Leiter, 237 Fed. 149, 150 C. C. A. 295; Drumm-Flato Commission Co. v. Edmisson, 208 U. S. 534, 540, 28 Sup. Ct. 367, 52 L. Ed. 606.

[4] This court has no power to set aside a verdict as excessive. This is a matter for the trial court, on motion for new trial. Baltimore & Ohio R. Co. v. Smith, 222 Fed. 667, 138 C. C. A. 215; Ramsdell

v. Goumis, 228 Fed. 864, 143 C. C. A. 262; Railroad Co. v. Fraloff, 100 U. S. 24, 31, 25 L. Ed. 531.

The judgment of the District Court is affirmed.