## HIGHWAY TRAILER CO. v. CITY OF DES MOINES, IOWA.

(Circuit Court of Appeals, Eighth Circuit.   April 3, 1924.)

No. 6488.

1. **Appeal and error ⬡⟹251—Presentation of question to trial court and exception necessary to review on writ of error.**

   Questions of law, which were not presented to the trial court and sharply called to its attention by exceptions properly preserved in the record, may not be reviewed by a federal appellate court on writ of error.

2. **Appeal and error ⬡⟹273(1)—Exceptions must be specific.**

   An exception which is too general and indefinite to challenge the attention of the trial court to any specific question of law involved in the case will not invoke the exercise of the appellate jurisdiction.

3. **Appeal and error ⬡⟹977(1)—Ruling on motion for new trial not reviewable.**

   The ruling on a motion for new trial is discretionary with the trial court, and not subject to review in the federal appellate courts.

4. **Appeal and error ⬡⟹237(6)—Review when case is tried to court.**

   In an action at law tried to the court, a finding of fact contrary to the weight of evidence is an error of fact, not reviewable under Rev. St. § 1011 (Comp. St. § 1672), and the question of law whether there is any substantial evidence to sustain such a finding is reviewable only when a request or a motion is made, denied, and exception taken, or some other like action is taken which fairly presents that question to the trial court, and secures its ruling thereon during the trial.

5. **Appeal and error ⬡⟹850(3)—Statements of fact in opinion not reviewable as findings.**

   Statements of fact made in the opinion of the trial court, in an action tried without a jury, cannot be treated as special findings of fact for purposes of review.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action at law by the Highway Trailer Company against the City of Des Moines, Iowa.   Judgment for defendant, and plaintiff brings error.   Affirmed.

Frank S. Dunshee, of Des Moines, Iowa (Dunshee & Brody, of Des Moines, Iowa, on the brief), for plaintiff in error.

John J. Halloran, of Des Moines, Iowa (Reson S. Jones and Chauncey A. Weaver, both of Des Moines, Iowa, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and BOOTH and REEVES, District Judges.

SANBORN, Circuit Judge.   This is an action at law for $8,976, the purchase price of specified vehicles and their accessories, which the plaintiff, the Highway Trailer Company, a corporation, alleged in its complaint that the defendant, the city of Des Moines, on January 19, 1922, ordered it to deliver to the city, and which the plaintiff alleged that it did deliver to the city on March 3, 1922.   The plaintiff also alleged that the city accepted and used these vehicles and their accessories.

⬡⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The city by its answer admitted that on January 19, 1922, an order purporting to be made by the city was delivered to the plaintiff; but it averred that this was not a lawful or binding order of the city, because the resolution of the city council purporting to authorize it did not "remain on file with the city clerk for public inspection at least one week before the final passage or adoption thereof," as required by section 1056a30 of the Supplement to the Code of Iowa, 1913, and because the alleged contract would, if made, have been in violation of section 668 of the Supplement to the Code of Iowa, 1913, on account of the lack of the indispensable appropriations required to warrant its execution and delivery. The defendant also denied, by its denial of all the averments of the complaint not admitted, that the plaintiff had ever delivered, or that the defendant had ever received or accepted, any of the vehicles or accessories that constituted the subject of the transaction.

The plaintiff made an extended reply, which is now immaterial, a jury was waived, and the case was tried by the court. The testimony of witnesses and written evidence were introduced at the trial, and the court rendered a judgment for the defendant. Thereupon the plaintiff made a motion to set aside the findings of fact and the judgment, and for a new trial, and the court denied it. The plaintiff then filed an assignment of errors and sued out the writ of error.

When this case came on for argument in this court, the discovery was made that the bill of exceptions in the record, containing a recital of the evidence, etc., had not been verified by the certificate and signature of the trial judge. Thereupon the plaintiff moved that the abstract of the evidence be stricken from the record and that the case be submitted on the pleadings, the opinion of the court on the merits filed January 31, 1923, the judgment of February 8, 1923, the motion for a new trial, the assignment of errors, the opinion and order overruling the motion for a new trial, and the writ of error, and counsel for the plaintiff ask this court now to grant this motion and to reverse the judgment below on its merits.

[1] But federal appellate courts in the trial of actions at law are courts for the correction of errors of law of the trial courts only. Questions of law which were not presented to the trial court, and sharply called to its attention by exceptions properly preserved in the record, may not be reviewed by a federal appellate court. Lesser Cotton Co. v. St. Louis, I. M. & So. Ry. Co. 114 Fed. 133, 140, 52 C. C. A. 95; Robinson & Co. v. Bilt, 187 U. S. 41, 50, 23 Sup. Ct. 16, 47 L. Ed. 65; Simmons Hardware Co. v. Southern Ry. Co. (C. C. A.) 279 Fed. 929, 934; Maynard v. Reynolds, 251 Fed. 784, 786, 164 C. C. A. 18; Federal Mining & Smelting Co. v. Hodge, 213 Fed. 605, 609, 130 C. C. A. 197.

[2, 3] The only exceptions to any rulings of the trial court remaining in this record are: (1) A general exception at the foot of the judgment in these words, "To all of foregoing the plaintiff makes due exception;" and (2) an exception to the order of the trial court overruling the motion for a new trial in the words, "Plaintiff excepts." Each of these exceptions is too general and indefinite to challenge the attention

of the trial court to any specific question of law involved in the case or to invoke the exercise of the appellate jurisdiction of this court. United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 4 (6), and cases there cited. And the grant or denial of a motion for a new trial on the grounds stated in the motion in this case is in the federal courts discretionary with the trial courts and not subject to review in the federal appellate courts. Chicago, M. & St. P. Ry. Co. v. Heil, 154 Fed. 626, 629, 83 C. C. A. 400, and cases there cited.

[4] The only findings of fact or rulings of law that might have been reviewable in this court, if proper requests for opposite findings and rulings had been made, denied, and excepted to before the trial below closed, are found in the judgment and one of them is "that upon the whole record the plaintiff is not entitled to recover against the defendant herein." Counsel challenge this and other findings of fact in this judgment; but—

"When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700]), and a finding of fact contrary to the weight of the evidence is an error of fact. The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial." Wear v. Imperial Window Glass Co., 224 Fed. 60, 63, 139 C. C. A. 622, 625.

The trial in this case ended before or on January 31, 1923, when the court filed its opinion on the merits of the case. There was no such request or motion made, denied, or excepted to before the trial ended, and subsequent requests and rulings thereon, are, like motions for new trials after verdicts, discretionary with the trial court, and not subject to review in the federal appellate courts.

[5] Counsel cite statements of facts in the opinion of the court on the merits of the case and base arguments for a reversal thereon. But facts stated in the opinion of the court cannot be treated as special findings of facts in the cause, and, if they could have been, none of them, nor of the declarations of law in the opinion, were challenged by requests for opposite findings or rulings, and exceptions to refusals to make them, before the trial ended, and they are therefore not reviewable now. Saltonstall v. Birtwell, 150 U. S. 417, 419, 14 Sup. Ct. 169, 37 L. Ed. 1128; Dickinson v. Planters' Bank, 16 Wall. 250, 257, 21 L. Ed. 278; City of Goldfield v. Roger, 249 Fed. 39, 40, 161 C. C. A. 99.

The record in this case is so free from objections, motions, requests, adverse rulings upon them, and exceptions thereto, that it presents no error reviewable by this court under its established rules and practice. The motion of the plaintiff is therefore immaterial, and it is denied, and the judgment below is affirmed.