**PAYNE, Director General of Railroads, v. COHLMEYER.**

(Circuit Court of Appeals, Seventh Circuit. April 26, 1921.)

No. 2858.

1. **Master and servant ⬤�͂351—Employee may reject federal Compensation Act.**

    While an employee of the federal government may elect to take under the federal Employés' Compensation Act (Comp. St. §§ 8932a–8932uu), he is not required to do so.

2. **Carriers ⬤⟍317(5)—Held entitled to show condition of cars the day after injury by derailment.**

    Where, on injury to a passenger by derailment, a carrier was charged with negligence in running rapidly over track recently repaired, and in failing to provide cars with proper equipment and with defective attachments, it was error to refuse permission to the carrier to show disclosures of an inspection of the cars some shortly after and the balance the next day; it being incumbent on the carrier to meet and disprove the alleged acts which would give application to the rule of res ipsa loquitur.

3. **Evidence ⬤⟍553(2)—Omission of fact from hypothetical question held error.**

    Where, in an action for injury to a passenger from derailment, it appeared that section men had repaired a portion of the tracks by taking out old ties and replacing them with new, it was error to permit a witness to answer a hypothetical question by saying that a foreman replacing ties should protect his work by flags, omitting from the hypothetical question the alleged material fact that such ties were not adjacent to one another; there being evidence of a rule that, where single ties were replaced here and there, no flag was used.

4. **Carriers ⬤⟍280(1)—Not an insurer.**

    A carrier of passengers is not an insurer.

5. **Carriers ⬤⟍321(3)—Instruction held erroneous, as making carrier of passengers an insurer.**

    In an action for injuries from derailment, an instruction that the carrier of passengers for hire must permit nothing that he can do to preserve the safety of his passengers, failure to exercise every degree of care that he may renders him responsible, with regard to the individuals whom the carrier selects to operate the machinery, the law requires it to select such persons as do and will, and that they must, use all the care necessary to prevent the happening of an accident, otherwise defendant would be responsible, and that the railroad was not responsible after it had done everything it could to prevent the accident, with other similar expressions, *held* erroneous, as tending to charge that the carrier was an insurer.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action by August H. Cohlmeyer against John Barton Payne, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Reversed, and new trial ordered.

Defendant in error, herein called plaintiff, a deputy marshal of the United States in the performance of his official duties, was riding in a passenger car of the Wabash Railroad Company operated at the time by plaintiff in error, herein called defendant, when he received injuries fixed by the jury at $15,000. The various acts of negligence complained of dealt with the car's leaving the track. A further statement of facts will be found in the opinion.

Edward C. Kramer, of East St. Louis, Ill., for plaintiff in error.

C. B. Thomas, of East St. Louis, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. [1] Because plaintiff was a deputy marshal of the United States, it is claimed his right to recover is fixed and determined by the federal Compensation Act (Comp. St. §§ 8932a–8932uu). This contention was not pressed on the oral argument, yet not specifically withdrawn. We conclude, however, that he was in a position to maintain this action. While an employee may elect to take under this Compensation Act, he is not required so to do. Dahn v. McAdoo (D. C.) 256 Fed. 549; Hines v. Dahn (C. C. A.) 267 Fed. 105, 114. It is not necessary to determine whether he was an "employee" of the United States at the time he was injured.

Further assignments of error deal with the admission and rejection of evidence, a consideration of which requires a more detailed statement of the pleadings and the evidence.

Defendant was charged with negligence (a) in running the train at a great speed over a portion of the track recently repaired; (b) in failing to provide the cars with proper and safe equipment and running at an excessive speed; (c) in running the train at an excessive speed over a defective switch; (d) in using cars with defective attachments and in failing to repair its roadbed and in running at a great speed under these conditions.

It appeared that the roadbed had been recently repaired, new ties having replaced old ones at a split switch not far from Sangamon; that the train was traveling some 45 or 50 miles an hour at the point when one car left the track. Other cars followed, some were turned over, and the train broke in two. Plaintiff was in a rear car, one that did not turn over. He was, however, injured by the sudden release of the air and by the train's derailment.

[2] From this brief statement of the pleadings and the evidence it is apparent that the condition of the cars, as well as their attachment and equipment and the state of the roadbed, were legitimate matters of inquiry. Defendant sought and was refused permission to show the disclosures of an inspection of the cars in the train, part of them shortly after the accident, and the balance the next day.

This was error. Plaintiff having charged, among other acts, defective equipment of the cars, and having relied upon the rule of res ipsa loquitur, so far as this rule may apply, it was incumbent upon the defendant to meet and disprove each of the alleged acts of negligence which would give application to the rule. The lapse of time between the accident and the inspection, at most only a few hours as to some of the cars, and less than a day as to the others, affected the weight, but not the admissibility, of this evidence.

[3] The court, against defendant's objection, permitted a witness to answer a hypothetical question, and say that a section foreman replacing ties should protect his work by flags. It appeared that the section men had repaired the track by taking out 30 old ties and re-

placing them with new ones in a distance of approximately 100 to 125 feet. Defendant called the court's attention to the absence of an alleged material fact from the hypothetical question, namely, that the ties removed were not adjacent to, but separate from, one another. The significance of this omitted fact was disclosed by the same witness, who stated on cross-examination that, where single ties were replaced here and there by new ones, no flag was used. While this statement may in part have overcome the effect of the previous answer, the jury was left in doubt as to whether a flag should or should not have been placed at the point of repair.

[4, 5] In charging the jury the court said, among other things:

"The carrier of passengers for hire must omit nothing that he can do to preserve the safety of his passengers. The failure to exercise every degree of care that he may renders him responsible should any damages occur because of the failure to exercise that high degree of care. In regard to the selection and adoption of the implements or machinery suitable for the transportation of passengers for hire, a common carrier is expected under the law to use the best means at hand—the best machinery at hand—and with regard to the individuals whom the common carrier selects to operate their machinery or keep it intact or keep it in repair, the law says it must select such persons as do and will, and that they must use all the care necessary to prevent the happening or the occurrence of an accident; otherwise, should damages arise, the defendant would be responsible and would have to respond in money damages.

\* \* \* \* \* \* \* \* \* \*

"If the railroad company has done everything it was required to do under the law, if it has done everything that it could do to prevent the accident, and it can explain that the accident occurred in some way whereby it itself—it cannot be explained that the railroad company is responsible in some way—then in that case the railroad company should not be held responsible."

This was error. The carrier was not an insurer. 10 Corpus Juris, 858; 4 R. C. L. § 582, p. 1137; Louisville & Nashville Railroad Co. v. Fisher, 155 Fed. 68, 83 C. C. A. 584, 11 L. R. A. (N. S.) 926. Yet no other impression could have been gathered from the above quoted instruction. True, at other places in the charge a rule announcing a more limited liability was set forth. But the jury must have concluded from the entire charge that the defendant was required to "use all the care necessary to prevent the happening or the occurrence of an accident; otherwise, should damages arise, the defendant would be responsible and would have to respond in money damages." If this was not the effect of the entire charge, then the best that can be said is that a state of doubt and confusion existed.

The judgment is reversed, and a new trial ordered.