QUINN v. SOUTHGATE NELSON CORPORATION.

No. 353.

Circuit Court of Appeals, Second Circuit.

June 30, 1941.

---

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for appellant.

Gazan & Caldwell, of New York City (Simone N. Gazan, of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

On the morning of January 10, 1939, the S. S. Waukegan—owned by the United States Maritime Commission and operated under a contract with the Commission, by the appellant as "Managing Agent"—was proceeding up the Delaware and Chesapeake Canal at St. Georges, Delaware, and while attempting to pass through the center span of the St. Georges Bridge, which was fully opened to permit the vessel passage, crashed into the bridge, causing the death of appellee's intestate, who was on the bridge performing his duties as bridge tender. Appellee recovered damages in the amount of $20,000 for the wrongful death of appellee's intestate, and appellant appeals from this judgment.

At the trial it was shown that the accident occurred on a clear day, with normal tide and current, and light wind. Finding no other satisfactory explanation for the accident, the trial judge applied the doctrine of res ipsa loquitur, and held that appellant was at fault. He concluded that the probable cause of the accident was the ship's inability, because of improper trim caused by poor loading, to respond to her rudder, but held that, in any case, appellant was liable. Appellant objects to the finding of negligence and to the court's holding that, as managing agent, it was responsible for the acts of the master, officers, and crew of the Waukegan.

Under the contract, appellant was to "manage, operate and conduct the business of the line" and "to man, equip, victual, supply and operate the vessels, subject to such restrictions and in such manner as the owner may prescribe". The Maritime Commission retained a power of veto over the agent's selection of licensed officers. In return for these services, the managing agent received from the Maritime Commission all its operating costs and its overhead expenses, but received no share of the profits and did not bear any part of the losses. Appellant argues that by this contract it operated the vessel for the account of the Mari-

time Commission, and that, in its capacity as managing agent, it is not liable for the conduct of the ship's personnel.

■■ The District Court was amply justified in finding negligence in the operation of the Waukegan. The only question deserving discussion is whether the negligence is attributable to appellant, the managing agent of the vessel. Appellant contends that the judgment against it was erroneous because the United States or the Maritime Commission is liable to appellee; it cites an opinion[1] to the effect that the United States is liable, by the Attorney General, in 1925, construing a form of contract used by the United States Shipping Board, which appellant asserts to be similar to that involved here. But, assuming that there is such a similarity and that either the United States or the Maritime Commission is liable to appellee, it does not follow that appellant is exculpated. That a principal is liable for a wrong does not necessarily immunize his agent. Blumenthal & Co. v. United States, 2 Cir., 1929, 30 F.2d 247, 248, 249; Sloan Shipyards v. United States Fleet Corp., 1922, 258 U.S. 549, 567, 568, 42 S.Ct. 386, 66 LEd. 762. The books are full of instances where dual liabilities are not alternatives or mutually exclusive; a plaintiff may be lucky enough to have a two-stringed bow. It is irrelevant, here, whether, at common law or by statute, appellee has a cause of action against the United States or the Commission, or whether appellant may be liable to the United States or the Commission for whatever amounts either of them may be obligated to pay appellee. Common sense and the precedents make appellant liable on the facts of this case. It had a most substantial measure of control over the operation of the vessel; it was paid to "manage, operate and conduct the business of the line". The reserved powers of the owner could not possibly have been so burdensome as to deprive appellant of de facto control, and there is no showing that in fact the owner did substitute itself as manager, either generally or at the time of this accident. Even if the Maritime Commission selected the officers, as appellant contends, appellant was not ousted of control. We think our opinion in United States Shipping Board Emergency Fleet Corp. v. Greenwald, 16 F.2d 948, which held a managing agent with similar powers liable for the death of a seaman, is applicable here, although in that case the managing agent had an interest in the prof-

[1] 34 Op.Atty.Gen. 363.

**192**

its. That the compensation appellant received from the Maritime Commission was relatively small is of no importance, for that was a matter of contract between it and the Commission, and cannot affect appellant's liability to third persons.

Judgment affirmed.