## MURRAY v. AMERICAN EXPORT LINES, Inc.

District Court, S. D. New York.

Dec. 10, 1943.

Jacob Rassner, of New York City, for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Kenneth Gardner and Arthur O. Louis, both of New York City, of counsel) for defendant.

Silas B. Axtell, of New York City, amicus curiae.

LEIBELL, District Judge.

Defendant moves, with a supporting affidavit, for an order dismissing the complaint on the ground that it fails to state a claim upon which relief can be granted. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is a "speaking motion", akin to a speaking demurrer, but recognized as legitimate in Cohen v. American Window Glass Co., 2 Cir., 126 F.2d 111, and Samara v. United States, 2 Cir., 129 F.2d 594. Counsel have agreed that the court may view the motion as one for summary judgment by the defendant under Rule 56(b), Federal Rules of Civil Procedure, since there is no material issue of fact. The difference in name is unimportant. Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85; Boro Hall Corp. v. General Motors Corp., 2 Cir., 124 F.2d 822. Affidavits may be employed on either assumption.

Plaintiff, a seaman, sues at law for damages resulting from injuries suffered in the course of his employment and demands a jury trial. 46 U.S.C.A. § 688. The complaint alleges that the S. S. "Charles Carroll" was owned by defendant, American Export Lines, Inc., or was operated, managed and controlled by said defendant; that plaintiff was employed by defendant aboard the vessel as a wiper; and—

"Ninth: That on or about the 16th day of November, 1942, while the plaintiff was carefully, properly and prudently engaged

in the performance of his duties aboard the vessel aforementioned, he was suddenly and without any notice or warning caused to suffer the injuries hereinafter more particularly described, by reason of the carelessness, recklessness and negligence of the defendant, its agents, servants and employees, in failing, neglecting and omitting to provide the plaintiff with a reasonably safe place wherein to work; in that one of the employees of the vessel aforementioned suddenly and without any notice or warning caused a certain chain to come in forceful and violent contact with the person of the plaintiff, when said seaman failed to handle the chain in a reasonably safe manner; and failed to hold the same firmly and securely and caused the said chain to fall as aforesaid; and the defendant was otherwise careless, reckless and negligent in the premises."

It is agreed for the purposes of this motion that plaintiff will claim that he sustained his injury while employed as a member of the crew in the capacity of a wiper; that his left hand was injured while lowering a piece of machinery in the engine room of the vessel by means of a chain fall; that he was working under the supervision and direction of one of the ship's engineer officers; that a block struck his hand, because of the negligence of the engineer and another member of the crew in the performance of the work. Plaintiff alleges that as a result he was injured to his damage and claims $25,000. In the second cause of action, on the same state of facts, plaintiff claims that defendant failed to provide him with proper "maintenance and cure", to plaintiff's damage in the sum of $10,000.

If this were the usual motion to dismiss a claim under Rule 12(b) based solely on the allegations of the complaint, defendant's motion would fail. But in supporting affidavits defendant submits additional uncontroverted facts: that the United States government owns the vessel; that defendant is a general agent rendering certain services to the government in respect to the vessel, under a contract a copy of which is annexed to the affidavit; that defendant is not an operating agent as in the Brady case (Brady v. Roosevelt Steamship Co. Inc., 317 U.S. 575, 63 S.Ct. 425) or as in the Quinn case (Quinn v. Southgate Nelson Corp., 2 Cir., 121 F.2d 190).

Copies of the Operating Agreement between the United States Maritime Commission and the Roosevelt Company in the Brady case, and between the Commission and the Southgate-Nelson Corporation in the Quinn case, have also been submitted to the court by the defendant, for the purpose of comparison with this defendant's "Service Agreement" to show the difference in the relationship between the steamship company and the seaman in those cases and in this. In the Brady case and in the Quinn case the steamship company operated the vessel under a contract by which the company agreed to "man, equip, victual, supply and operate the vessels" and to "exercise reasonable care and diligence to maintain the vessels in a thoroughly efficient state of repair, covering hull, machinery, boilers, tackle, apparel, furniture, equipment, and spare parts" and to "effect maintenance and voyage repairs and replacements". The agreement in those cases also provided that "any agents selected or appointed by the Managing Agent shall be solely the agents of said Managing Agent and not, in any respect, the agents of the Owner", the United States Maritime Commission.

The question presented in the Brady case was whether the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.; made a private operator, such as the respondent in that case, non-suable for its torts. It was there argued that because under the Operating Agreement the managing agent, a private corporation, was exonerated or indemnified by the vessel's owner, the United States, for any damages the Managing Agent might be called upon to pay, the sole remedy of the plaintiff was against the United States or against the United States Maritime Commission under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and that the Managing Agent could not be sued at law for a tort arising out of its negligent exercise of delegated power. The Supreme Court rejected that argument and held that the fact that the United States might become the real party in interest by reason of a contract for exoneration or indemnity (such as Article 16(a) of the Service Agreement in this case) would not exempt an operating agent from liability to suit for any of its torts, as where a seaman or a person properly aboard the boat is injured through the negligence of a member of the crew. Mr. Justice Douglas in writing the opinion of the court in the Brady case, 317 U.S. at page 583, 63 S.Ct. at page 429, said:

"Moreover, if petitioner had a cause of action against respondent, it is diffcult to see how she could be deprived of it by reason of a contract between respondent and the Commission. Immunity from suit on a cause of action which the law creates cannot be so readily obtained. Cf. Guaranty Trust & Safe Deposit Co. v. Green Cove Springs & M. R. Co., 139 U.S. 137, 143, 11 S.Ct. 512, 35 L.Ed. 116. The rights of principal and agent inter se are not the measure of the rights of third persons against either of them for their torts."

While the last-quoted sentence is true, nevertheless the contract between principal and agent may show who is in control of the operation of the vessel, whose orders the members of the crew are required to obey and who is their employer. From all this it is possible to conclude who is liable if a member of the crew negligently injures a fellow crew member.

There is no contention made by this defendant that the Suits in Admiralty Act is applicable or that defendant is non-suable or that plaintiff's exclusive remedy is in personam against the United States under the Act. The defendant's position is that the master of the vessel was not the defendant's agent but the agent of the United States; that the crew were hired by the master and that their employer was the United States; that the control and direction of the crew member who negligently injured plaintiff rested with the master; that defendant was not a managing agent for the government and did not operate the vessel for the government; that on the well-known principles of agency the defendant was not liable for any negligence of the master who was "procured" for the government by the defendant, or for any negligence of the crew who were "procured" for the master by the defendant. (Restatement of the Law of Agency—Comment "a" under Sec. 79; Mechem on Agency, 2nd Ed. § 332). Plaintiff does not charge that defendant was negligent in failing to exercise proper care and diligence in "procuring" either the master or the crew. Defendant under its service agreement did not agree to "man" the vessel.

The Service Agreement between the United States and the defendant did not refer to defendant as Managing Agent, but as a General Agent. Article 3A subdivision (c) provided that the General Agent (defendant) would for the account of the United States—

"(c) Equip, victual, supply and maintain the vessels, subject to such directions, orders, regulations and methods of supervision and inspection as the United States may from time to time prescribe;"

And subdivision (d) provided that—

"(d) The General Agent shall procure the Master of the vessels operated hereunder, subject to the approval of the United States. The Master shall be an agent and employee of the United States, and shall have and exercise full control, responsibility and authority with respect to the navigation and management of the vessel. The General Agent shall procure and make available to the Master for engagement by him the officers and men required by him to fill the complement of the vessel. Such officers and men shall be procured by the General Agent through the usual channels and in accordance with the customary practices of commercial operators and upon the terms and conditions prevailing in the particular service or services in which the vessels are to be operated from time to time. The officers and members of the crew shall be subject only to the orders of the Master. All such persons shall be paid in the customary manner with funds provided by the United States hereunder.

Concerning repairs the Service Agreement provided:

"Article 14. The General Agent shall, unless otherwise instructed, subject to such regulations, instructions, or methods of supervision and inspection as may be required or prescribed by the United States, arrange for the repair of the vessels, covering hull, machinery, boilers, tackle, apparel, furniture, equipment, and spare parts, and including maintenance and voyage repairs and replacements, for the account of the United States, as may be necessary to maintain the vessels in a thoroughly efficient state of repair and condition. The General Agent shall exercise reasonable diligence in making inspections and obtaining information with respect to the state of repair and condition of the vessels, and so advise the United States from time to time, in order that the United States may satisfy itself that the vessels are being properly maintained, and shall cooperate with representatives of the United States in making any inspections or investigations

that the United States may deem desirable."

Plaintiff does not claim that the injury to plaintiff was due to any defect in machinery or appliance or to any failure of defendant to inspect the vessel or to arrange for the proper maintenance of the vessel. The negligence alleged is that of a fellow member of the crew, over whom the defendant exercised no direction or control. It is clear that the negligence of the crew member, if any, is chargeable to the United States.

One might wonder what difference it makes to the plaintiff whether he sues the United States or this defendant. The present defendant and the United States would be equally good for any judgment plaintiff might recover. The answer is found in the following:—If he sues the United States his exclusive remedy would be under the Suits in Admiralty Act, 46 U. S.C.A. § 741 et seq. and he would not have the right of trial by jury. In a suit against the defendant steamship company under the Merchants Marine Act, 46 U.S.C.A. § 688 he is entitled to a jury trial if demanded in time. Rule 38(b), Federal Rules of Civil Procedure. See Sevin v. Inland Waterways Corp., 5 Cir., 88 F.2d 988.

On the undisputed facts the defendant is entitled to judgment dismissing the complaint on the merits.