## RICE v. The MARION A. C. MESECK et al.

### THE GEORGE R.

#### No. 267.

Circuit Court of Appeals, Second Circuit.

March 28, 1945.

Hagen & Eidenbach, of New York City (Charles W. Hagen and Nelson J. Johnson, both of New York City, of counsel), for libellant.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The damage to the tug was the result of forcing the barge into place against the ice. The trial court judge did not find that no one was negligent nor that the scow had contributed to the damage. He exculpated the tug on the theory that the directions and advice given by the steamship company's employees insulated the tug from liability. That theory is untenable. The tug owed the scow the duty "to do the work in a seamanlike manner." [1] It may be that the steamship company and its employees, had they been sued by the libellant, would have been held liable; but that fact could not free the tug from liability. "That a principal is liable for a wrong does not necessarily immunize his agent. * * * The books are full of instances where dual liabilities are not alternatives or mutually exclusive; a plaintiff may be lucky enough to have a two-stringed bow." [2] The tug's master, in order to do his work in a seamanlike manner, should not have relied on the stevedore's advice, but should himself have ascertained the condition of the ice. [3]

Reversed.

---

[1] The Golden Rule, 1925, A.M.C. 297, 298.

There the tug left the barge, undamaged, at a place designated by the company which employed the tug, and the court held that the tug's duty then ended. The court said, "It was of course obligatory on the tug to do the work in a seamanlike manner, but she was not chargeable as is a vessel contracting for towage, in respect of propriety in starting out, and safety at the point of mooring and leaving." It should be noted that the court held, on the facts, that there was no negligence in the place of mooring the barge.

[2] Quinn v. Southgate Nelson Corp., 2 Cir., 121 F.2d 190, 191, certiorari denied 314 U.S. 682, 62 S.Ct. 185, 86 L.Ed. 546. See also Brady v. Roosevelt S. S. Co., 317 U.S. 575, 581, 63 S.Ct. 425, 87 L.Ed. 471.

[3] Cf. The Procida, D.C., 243 F. 251, 253; The Edward G. Murray, 2 Cir., 278 F. 895, 897.