## LEDESMA v. DICHMANN, WRIGHT & PUGH, Inc.

District Court, S. D. New York.

Sept. 24, 1947.

Hill, Rivkins & Middleton, of New York City (Arthur O. Louis, of New York City, of counsel), for plaintiff.

Corydon B. Dunham, of New York City (Maurie J. Smith, of New York City, of counsel, for defendant.

LEIBELL, District Judge.

Henry Ledesma, a seaman employed aboard the S. S. "Sidney Wright," signed regular merchant shipping articles and became a member of the crew in an American port. The defendant on January 9, 1943, had entered into a general agency contract with the War Shipping Administration on a standard form, which included the S. S. "Sidney Wright." As to the provisions of the standard General Agency agreement, see Murray v. American Export Lines, D C., 53 F.Supp. 861; Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534; Militano v. United States, 2 Cir., 156 F.2d 599; Hust v. Moore-McCormack Lines, 176 Or. 662, 158 P.2d 275.

The complaint alleges that while Ledesma was engaged in the course of his duties on board said vessel he became or was caused to become ill and injured by the unseaworthiness of the vessel and through the negligence of the defendant; that defend-

ant failed to provide necessary medical care and attention and the seaman's death ensued. Two claims or causes of action are pleaded in the complaint; one claiming $50,000 for the death of the seaman brought by the administrator of his estate for the benefit of a surviving sister; and the other claiming $25,000 for the pain and suffering of the decedent, which it is alleged "enures to the benefit of plaintiff in his representative capacity and the intestate's said dependent sister."

■ The fourth paragraph of the defendant's answer states that it "admits that at all the material times mentioned in the complaint a person bearing a name similar to the plaintiff's intestate was in the employ of the United States on board the S/S Sidney Wright at an agreed rate of wages under Merchant Shipping Articles and was a member of the crew * * *." That would seem to be a sufficient admission that Henry Ledesma was a member of the crew and for the purposes of the present motion, which is directed to certain special defenses of the answer, the Court may properly assume that the deceased, Henry Ledesma, was a member of the crew. Indeed, the defenses if they are to be given any consideration, must be construed as making the same assumption. If it should develop at the trial that Henry Ledesma was not a member of the crew and that it was some other person with a similar name who fell ill and died, then of course, plaintiff's entire action will fail and be dismissed.

■ The First special defense pleads the assumption by the seaman of certain obvious risks of his employment when he entered upon his duties, and that his injuries were caused by said risks. Plaintiff's attorney moves to dismiss the defense as insufficient in law. His motion is supported by the authority of Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed 265.

■■ Plaintiff's attorney also moves to dismiss the Fourth and Fifth special defenses as insufficient in law.

In the Fourth defense defendant asserts that it was appointed General Agent of the United States under a standard form of agreement entered into with the War Shipping Administration and that the members of the crew of the S/S Sidney Wright "were employees of the United States and were not employees of this defendant," and that "every act or thing done by defendant in connection with said vessel was done by the defendant as agent of the United States of America in accordance with said agreement and not as an independent contractor."

The Fifth special defense states in effect that this court "sitting at common law has no jurisdiction to render judgment in this action" because under the provisions of the general agency agreement "if any judgment is awarded to the plaintiff herein such judgment will in effect be a judgment against the United States of America and be payable by the United States of America."

It has been held that a member of a crew of a vessel, operated under a General Services Agreement, may sue the General Agent in an action under the Jones Act. See Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, and Murray v. American Export Lines, D.C., 53 F.Supp. 861. The same rule was applied in a suit by a stevedore against the General Agent. Militano v. United States, 2 Cir., 156 F.2d 599.

Plaintiff's motion to dismiss the First, Fourth and Fifth special defenses as insufficient in law is granted. Settle order.