## MASON v. UNITED STATES.

### No. 18080.

District Court, E. D. New York.

May 18, 1948.

Burlingham, Veeder, Clark & Hupper, of New York City (C. B. M. O'Kelley and J. J. Conran, both of New York City, of counsel), for libellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and Kirlin, Campbell, Hickox & Keating, of New York City (Ray Palmer, of New York City, of counsel), for the United States.

GALSTON, District Judge.

The libellant was an experienced master pilot employed by the Moran Towing & Transportation Co., Inc. On September 8, 1945 he was assigned to take charge of and direct the shifting of the steamship James De Wolf. This vessel was of American registry and was engaged as a public vessel of the United States. At about seven o'clock, or shortly before, on the morning of that day, the tug Agnes Moran went alongside The James De Wolf, which lay, port side to the dock, at Pier 7, Bush Terminal, Brooklyn. The libellant started to ascend the Jacob's ladder which was over the ship's side when, as he said, it suddenly gave way. The libellant was thrown a distance of fifteen feet to the water, and in consequence sustained severe injuries to his back.

■ It seems reasonably clear from the record in this case that the vessel had notice that the pilot was coming aboard at about seven o'clock that morning, and should have been ready to receive him; and certainly the ladder should have been so fixed in position as to enable the pilot to climb the ladder. Apparently there was carelessness on board the vessel, for in the first place there was nobody on deck. Secondly the night mate admitted that the ladder was slack, for the night before he had pulled part of the ladder over the ship's side to avoid its being struck by lighters that might pass alongside. The ship's liability for negligence is thus established, for the libellant was a business invitee enagaged to perform a seaman's service. See Grillo v. Royal Norwegian Government, 2 Cir., 139 F.2d 237; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. On the other hand, it does not seem that the libellant is altogether free from contributory negligence. Not only was the foot of the ladler some four or five feet from the ship's rail, but he was able to observe that nobody was on the deck of the vessel. He himself gave no signal that he was about to board the vessel. I find, therefore, that he too must be charged with negligence. Just in what proportion it is difficult to determine. The primary and main negligence was, of course, that of the vessel. In all the circumstances it would seem that an apportionment of eighty per cent to the vessel and twenty per cent to the libellant would be fair.

■ There remains for consideration the amount of the award. There is no doubt that Mason sustained severe injuries. A surgical operation was necessary. This operation resulted in his having a stiff back, which, as Dr. Swift, the surgeon testified, will be permanently stiff. However, he is able, and has been since May 1947, to pursue his calling. There is no evidence as to what extent if any the stiff back will shorten the period of his activities through life, or cause loss of earnings. His out-of-pocket expenses for hospitalization, doctors and the operation amount to $2,000. It is conceded that following the accident and up to the time that he was able to resume his regular occupation he suffered a loss of $8,000 in wages. The uncertain item is that which should cover his pain and suffering. It is, of course, well known that back injuries of the nature that he sustained, attended with severe sciatica, are exceedingly painful. Counsel for the libellant has suggested the sum of $7,500, opposing counsel $5,000. In the circumstances I shall adopt an intermediate figure of $6,250.

The items thus total $16,250, from which should be deducted the percentage attributable to the libellant for his own carelessness. He may have a decree against the respondent for $13,000.

Appropriate findings of fact and conclusions of law will be filed.