**PARR v. UNITED STATES.**

Civil Action No. 6224.

District Court, D. Kansas, First Division.

July 13, 1948.

Clarence J. Malone, of Topeka, Kan., for plaintiff.

James W. Wallace, Ass. U. S. Atty. of Kansas, of Topeka, Kan., for defendant.

MELLOTT, District Judge.

The question before the court arises upon a Motion to Dismiss a complaint filed under the Federal Tort Claims Act.[1] In essence it is: May an employee of the government, injured while at work, after having made application to the United States Employees' Compensation Commission[2] for compensation and after being paid monthly compensation for several months, abandon the remedies afforded him by the act providing for compensation to injured employees of the United States and maintain an action under the Federal Tort Claims Act?[1]

The complaint alleges that on or about December 31, 1945, plaintiff, employed as a stationary fireman at 832nd A. A. F. Specialized Depot operated by the War Department at Topeka, Kansas, undertook hazardous duties outside of the scope of his regular employment, at the request of his supervisor, and received severe injuries, chief of which was loss of his left arm; that thereafter he made application for compensation from the commission;[2] that it refused to pay "compensation for loss of the

---

[1] Act of August 2, 1946, c. 753, Title IV, § 410, 60 Stat. 843, amended Aug. 1, 1947, c. 446, § 1, 61 Stat. 722, Title 28 U.S.C.A. § 931.

[2] The commission has been abolished and its functions have been transferred to the Federal Security Administrator by 1946 Reorg. Plan No. 2, effective July 16, 1946. 11 F.R. 7873. 60 Stat. 1095, 5 U.S.C.A. following section 133y—16. For present purposes, however, the term "commission" will be used.

arm, for pain and suffering, or permanent injuries"; that he appealed to it "for a lump sum settlement or a final order allotting certain definite compensation but said commission refused such appeal"; that it required him to fill out and file forms sent him each month, claiming compensation for that month only; that on June 30, 1947, he "notified said commission that he was not filling out the monthly claim for June, 1947, but that instead he elected to file this action for all future compensation; [and] that in this action * * * [he] makes no claim for any period during which he received compensation from said commission." He prays judgment for $33,160.

The United States, through its District Attorney, quoting from the Federal Tort Claims Act the provision making it liable "in respect to such claims, * * *, in the same manner, * * *, as a private individual under like circumstances * * *," reasons that when one enters government service, "in a position entitling him to various pension and compensation rights in the event of injury in the course of that employment, he assumes a relationship with the government imposed by law which requires the United States to confer specified benefits upon him in the event of injury under certain specified circumstances, and, on the other hand, takes away in specified circumstances rights which he may otherwise have to sue for negligence under whatever jurisdictional act that might be appropriate." Inferentially it suggests, without arguing the point, that one who receives injuries, compensable under the compensation act, may not sue the government in tort. The question is passed without decision; but, it has been held by respectable authority that the remedy given to an employee of the United States under the compensation act is not exclusive, and he may at his election maintain a personal injury negligence action. Panama R. Co. v. Strobel, 5 Cir., 1922, 282 F. 52; Payne v. Cohlmeyer, 7 Cir., 1921, 275 F. 803.

■ The contention of the government that an employee subject to the compensation act, after having elected to claim and receive compensation under it and after having accepted payment under it for sev-

eral months, may not abandon the proceedings instituted by him under the act and sue the government under the Federal Tort Claims Act, poses a more difficult question. This court is of the opinion that cannot be done. Dealing with a somewhat similar situation in Hines v. Dahn, 267 F. 105, 114, the Circuit Court of Appeals for the Eighth Circuit said:

"* * * if the employe elects to receive the benefits of the Compensation Act and his claim is allowed, then he is barred from prosecuting his action for negligence against the United States [under the Federal Control Act of March 21, 1918, c. 25, 40 State. 451]. In other words, he must elect which of the two remedies he desires to pursue, and, having elected to pursue one, he may not pursue the other. The United States under the statute being bound to pay the plaintiff after the latter has elected to claim the benefits of the Compensation Act, the remedy afforded by the act is exclusive."

The case was fully affirmed by the Supreme Court in Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696. Cf. Jefferson v. United States, D.C.Md., 74 F.Supp. 209, 212.

In Brady v. Roosevelt, S. S. Co., 317 U. S. 575, 581, 63 S.Ct. 425, 428, 87 L.Ed. 471, it was said—possibly as dicta—that "* * * if * * * the claimant was eligible to receive and did receive compensation under the United States Employees' Compensation Act, 39 Stat. 742, 5 U.S.C. § 751, 5 U.S.C.A. § 751, he is barred from suing the United States for the tort." The language was indirectly adverted to by Judge Groner, Chief Justice of the United States Court of Appeals for the District of Columbia, speaking for the Circuit Court of Appeals for the Fourth Circuit in United States v. Marine, 155 F.2d 456, 458, 459, who pointed out that the chief difference between the facts in the Brady case, supra, and the facts in the case before the court was that "in the Brady case the Government employee had claimed and received compensation under the Employees' Compensation Act, whereas in the present case libellant made no such claim and no compensation was ever paid." The issue be-

fore the court was whether the Employees' Compensation Act provided an exclusive remedy against the government for an injured employee or whether he might sue under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. It was said:

"* * *. The only applicability of the Compensation Act in a case like this occurs when the employee—as in the Brady case—has 'made an election' to avail of its benefits. Appellee, having elected to sue under the Suits in Admiralty Act, now has no claim under the Compensation Act. For obviously he may not have both. Moreover, we think the analogy between the case we have and that of a railway mail clerk strengthens the result reached in this case. The right to sue under the Federal Control Act, if anything, is narrower in its terms than the right to sue under the Suits in Admiralty Act. Yet the Supreme Court in Dahn v. Davis, Agent, etc., 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696, upheld the right of an employee of the Government to sue for an injury sustained through the negligent operation of the railroad, but also held that the right could be lost by an election to accept the benefits under the Compensation Act. See also, Payne v. Cohlmeyer, 7 Cir., 275 F. 803."

See also Militano v. United States, D.C., 55 F.Supp. 904, Id., 2 Cir., 156 F.2d 599.

■ But plaintiff contends that the rule established by the above cases has no application here for two reasons: (1) Because at the time he made application for benefits under the Employees' Compensation Act the Federal Tort Claims Act had not become effective; therefore he made no *election;* and (2) No *award* had been made to him under the Employees' Compensation Act at the time he elected to abandon his proceeding under it and to file the instant suit.

The two questions may be considered together. In approaching them it is well to have in mind these basic facts: Plaintiff accepted the benefits afforded him by the compensation act for a period of a year and five months before abandoning his claim under that act, acceptance having continued for a period of at least ten months subsequent to the effective date of the Federal Tort Claims Act. Assuming, without deciding, that there may be merit to his contention an election of remedies could not have been made antecedent to the enactment of the statute creating the second remedy—the Federal Tort Claims Act —that avails plaintiff naught here; for his continued acceptance of compensation for ten months, in the judgment of this court, bars him as effectively from prosecuting his tort action as if an affirmative election had been made.

■ Plaintiff's argument that he is free to choose any remedy open to him until there has been an *award* is fallacious. The cases cited above quite properly refer merely to an election of the injured employee to receive the benefits of the compensation act —to avail himself of its benefits. That plaintiff did so cannot be gainsaid. It would serve no good purpose to decide whether the commission had made monthly awards to him, whether it had made but one award, and that previous to the enactment of the Federal Tort Claims Act, or whether it has not yet made an award. The fact that plaintiff availed himself of the benefits under the Employees' Compensation Act for a period of ten months after the enactment of the Federal Tort Claims Act, in this court's judgment, requires that the Motion to Dismiss be sustained. The second ground of the motion, that the action was not commenced within one year after the claim accrued or within one year after August 2, 1946, is passed without decision.