**Albert MACHILLO, Plaintiff,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.

Jan. 9, 1962.

Harry H. Lipsig, New York City, for plaintiff (William H. Jackson, New York City, of counsel).

Gerald E. Dwyer, New York City, for defendant (C. Austin White, New York City, of counsel).

CROAKE, District Judge.

1. Plaintiff is a citizen of the State of New Jersey.

2. Defendant is a Delaware corporation with its principal place of business in the State of New York.

3. Prior to December 22, 1955, the S.S.252, a lighter owned by defendant, New York Central Railroad Company, had been loaded and placed alongside of Pier F in the Hudson River off Jersey City, New Jersey, by a tug owned and operated by the defendant.

4. On December 29, 1955, the Expeditor, owned by plaintiff's employer, was placed alongside Pier F, and the S.S. 252 was placed outboard of the Expeditor by plaintiff's employer, and the two vessels continued to be moored in their respective positions through and including the morning of January 4, 1956.

5. Shortly before 7:00 P.M. on January 3, 1956, plaintiff and other longshoremen employed by American Export Lines, Inc. proceeded from the deck of the Expeditor to the deck of the S.S.252 by means of a Jacob's ladder to unload the cargo aboard the S.S.252 to the Expeditor.

6. The Jacob's ladder was secured to the side of the Expeditor and was under the control of the owner of the Expeditor.

7. A barge captain was assigned to the S.S.252 by the defendant.

8. Subsequent to 5:00 P.M. on January 3, 1956, defendant had no barge captain or other employee present on the S.S.252.

9. About 12 midnight on January 3, 1956, plaintiff, along with other longshoremen, returned to the deck of the Expeditor by means of the Jacob's ladder, and about an hour later again used the same ladder to return from the Expeditor to the S.S.252.

10. At approximately 6:00 A.M. on January 4, 1956, plaintiff mounted the Jacob's ladder to return to the Expeditor from the lighter.

11. Plaintiff climbed the Jacob's ladder until his head was at the level of the deck of the Expeditor, at which time the rope side of the Jacob's ladder broke, with the result that plaintiff fell to the deck of the lighter.

12. As a result of the fall, plaintiff suffered physical injuries to both his feet and his spine.

13. Prior to the accident to plaintiff, the ladder was in good condition.

14. Any injuries suffered by plaintiff as a result of his fall on January 4, 1956 did not result from the negligence of defendant or the alleged unseaworthiness of the vessel including the absence of a barge captain at the time of the accident.

OPINION.

This action involves a claim by Albert Machillo, a stevedore, who was employed by American Export Lines, Inc., against the New York Central Railroad Company, for alleged injuries sustained by the plaintiff while he was engaged in work unloading a barge owned by the defendant.

Jursdiction of this Court is based upon diversity of citizenship.

Plaintiff alleges that on the night of January 4, 1956, he was employed as a longshoreman by American Export Lines, Inc., and that he fell while attempting to climb a Jacob's ladder from the lighter owned by defendant to the Expeditor owned by his employer.

Plaintiff predicates his recovery on two theories: First, he asserts he may recover for the alleged negligence of defendant. Second, he asserts that, since he is a longshoreman working aboard defendant's vessel, the defendant was under a legal obligation to furnish a seaworthy vessel.

■ As will be shown herein, plaintiff cannot recover in this action under either theory.

I.

■ Plaintiff's claim based upon a theory of negligence falls within that

group of cases where an employee seeks recovery against a defendant other than his employer, for injuries sustained during the course of his employment. Plaintiff's remedy for the negligence of persons other than his employer is expressly preserved by 33 U.S.C.A. § 933. See Corrado v. Pennsylvania R. Co., 171 F.2d 73 (2d Cir., 1948), cert. den. 336 U.S. 919, 69 S.Ct. 641, 93 L.Ed. 1081 (1949).

■ Plaintiff introduced no persuasive evidence at trial to show that defendant was negligent. Plaintiff's evidence indicated that at the time of his accident, he was climbing from the lighter to the Expeditor owned by his employer on a Jacob's ladder secured to the side of the Expeditor, that the rope side of the Jacob's ladder broke and that plaintiff fell to the deck of the lighter. There was no evidence presented from which the Court could find that the Jacob's ladder was owned, controlled or maintained by defendant. In fact, the evidence presented on this issue indicated that the ladder was under the control of plaintiff's employer, American Export Lines, Inc. Under such circumstances, the Court is unable to conclude that defendant was negligent.

■ The Court is aware that in certain situations liability may be imposed upon a ship-owner for failure to provide safe egress and ingress for employees of a stevedore working aboard the vessel with his consent. Vanderlinden v. Lorentzen, 139 F.2d 995 (2d Cir., 1944); Grillo v. Royal Norwegian Government, 139 F.2d 237 (2d Cir., 1943), and that barge-owners may be liable for conditions aboard the barge created by others. Williams v. Lehigh Valley R. Co., 151 F. Supp. 809 (D.C.S.D.N.Y.1957). However, even assuming that the control of the Jacob's ladder could be attributed to the defendant, plaintiff introduced no evidence in this respect to support a verdict of negligence on the part of the defendant. See Cannella v. Lykes Bros. S.S. Co., 174 F.2d 794, 795 (2d Cir., 1949). Conclusive evidence, including plaintiff's own testimony, proved that, during the course of the evening, plaintiff and others climbed up and down the ladder, experiencing no difficulty. In order to sustain his burden, plaintiff must introduce some evidence to show that the Jacob's ladder broke due to some negligence on the part of defendant. A finding of negligence cannot be based upon mere conjecture.

## II.

■ Plaintiff's second theory of recovery is predicated on the doctrine enunciated in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), wherein the Supreme Court held that the obligation of a ship-owner to provide a seaworthy vessel extends to longshoremen working aboard a vessel with the owner's consent.

Plaintiff maintains that the lighter owned by defendant was unmanned during the loading operation, and that, during the course of the night, the mooring lines which secured the lighter to the Expeditor became slack. Plaintiff asserts and argues that this condition caused his injury.

Defendant contends that it was under no obligation to provide a barge captain or any other crew for the lighter.

■ Undoubtedly, the ship-owner's responsibility to provide a seaworthy ship encompasses a duty to provide an adequate crew as well as proper equipment. See Boudoin v. Lykes Bros. S.S. Co. Inc., 348 U.S. 336, 339, 75 S.Ct. 382, 99 L.Ed. 354 (1955). However, even if defendant's lighter was improperly manned, there was no proof that this condition caused his injury. The evidence adduced at trial disclosed that the lighter was approximately three or four feet from the Expeditor when plaintiff attempted to ascend the ladder, and that plaintiff was able to mount the ladder. Indeed, all witnesses, including plaintiff, testified that plaintiff had reached the top of the ladder when he fell. Some evidence was introduced by plaintiff in an attempt to prove that at the time of his accident, the Jacob's ladder became afoul of one of the cleats on the lighter, and that the rope sides of the ladder parted due to excessive

strain when the lighter drifted away from the Expeditor. However, this evidence was inconclusive, and the Court was unable to make a finding of fact based upon it.

Thus, upon all the evidence adduced at trial, the Court is of the opinion that any injury sustained by plaintiff was not caused by the negligence of the defendant or the alleged unseaworthiness of the vessel, including the absence of a barge captain at the time of the accident.

Fortunately, plaintiff's remedies in this situation are governed by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.; and thus plaintiff will still receive compensation for his injuries.

Accordingly the Clerk of the Court is directed to enter judgment dismissing the complaint, with costs to the defendant to be settled upon notice.

The foregoing shall constitute the conclusions of law of the Court.