## McKENNEY v. SWAYNE & HOYT, Limited.

### THE POINT REYES.

#### No. 9060.

Circuit Court of Appeals, Fifth Circuit.

May 13, 1939.

Rehearing Denied June 14, 1939.

Richard A. Dowling, of New Orleans, La., for appellant.

Geo. H. Terriberry, Jos. M. Rault, and Benjamin W. Yancey, all of New Orleans, La., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree dismissing an amended libel, which was predicated entirely upon the alleged illness of a seaman resulting from damp and unseaworthy conditions of his quarters on the ship. As a bar, the appellee pleaded a full release, executed by the seaman for a consideration of one hundred and twenty-five dollars. Upon stipulation of the parties, a separate hearing was had as to its validity. Testimony was taken upon this issue, and the court found the release to be valid. The plea in bar was sustained and the libel dismissed.

The only question involved on this appeal is that of the validity of the release

which was executed in favor of the vessel, her owners and operators. It is claimed by appellant that he did not understand the purport of the document when he signed it, and that the amount paid in consideration thereof was inadequate. His misunderstanding is alleged to have resulted from false and fraudulent representations made to him by appellee at the time the release was executed.

The gravamen of the libel, as amended, is that appellant was an able-bodied seaman, employed on a voyage from Seattle, Washington, to Mobile, Alabama, and return; that his room was damp, and, every time it rained and the seas were heavy, the port holes let water into his room, and that his bunk was very wet; that he contracted a cold, had a coughing spell at Mobile, resulting in a hemorrhage, and was sent to the hospital where his disease was diagnosed as tuberculosis of the lungs.

The real consideration of the release was only thirty-five dollars, as the seaman was entitled to ninety dollars for his return passage; but, even so, we cannot say that the court erred in upholding its validity and dismissing the libel, because the testimony went very fully into the merits of the whole matter, including the libelant's health before he embarked on this voyage, at Seattle, in September, 1936. From this testimony, the court found that he was suffering continuously from tuberculosis from the time he left the hospital in Baltimore, in 1934, until he went to the hospital, in Mobile, in September, 1936. Since we are convinced that the district court did not err in this finding, we cannot say that appellant acted unwisely, or was imposed upon, in the execution of the release for even so small a sum as thirty-five dollars.

The district court further found that, on October 14, 1936, libelant left the marine hospital at Mobile, and went to New Orleans; that the negotiations for a settlement were initiated by him with full knowledge of the extent and character of the disease from which he was suffering; that he understood the contents of the instrument which he signed, and fully appreciated that he was signing away all of his rights in the matter; that no fraud, deception, or overreaching was practiced upon him.

A tubercular of at least two years standing, having deserted the hospital at Mobile, and having initiated the negotiations for a settlement, the terms and consequences of which he fully understood, we agree with the court below that the libelant is precluded from making any further claim against appellee growing out of his present illness.

On the facts before us, if the release were out of the way, the appellant would have no case, because he did not fall ill of tuberculosis on this voyage. The decree appealed from is affirmed.