## WHITE v. UNITED STATES.

## CRAWLEY v. SAME.

### Civ. Nos. 9777, 9478.

District Court, D. New Jersey.
April 29, 1948.

Arnold Tanner, of Freehold, for plaintiff James White.

Joseph Butt, of Elizabeth, N. J., for plaintiff Hortense Crawley.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., and John A. Waldron, Asst. U. S. Atty., of Trenton, N. J., for defendant.

FORMAN, Judge.

Plaintiffs in the above suits have separately brought actions against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq.[1] alleging negligence on the part of the United States acting through its agents, servants and employees.

Plaintiff, Hortense Crawley, alleges she was employed by the Quartermaster Corps, War Department, at the Jersey City Quartermaster Subdepot, Somerville, New Jersey, as an equipment operator. On or about March 20, 1945, the plaintiff was operating a low boom forklift and transferring heavy rolls of paper to a storage compartment when rolls of wrapping paper fell on the plaintiff from which she received serious injuries of a permanent nature. This plaintiff was paid the sum of $79.04 in compensation benefits as well as the sum of $147.50 in medical benefits for the period of March 27 to April 22, 1945 by the Federal Security Agency, Bureau of Employees Compensation.

Plaintiff, James White, alleges that he was employed by the Earle Naval Ammunition Depot, Navy Department, as a helper-machinist in the operation of locomotive cranes used for the purpose of digging ditches. Plaintiff had been assigned the duty of greasing the gears of the crane. Due to the cold weather and lack of heating equipment on or about November 26, 1945, plaintiff could not pour the grease into the gears and was compelled to apply the grease in a solid form by means of a stick. In the course of this operation, plaintiff's hand was pulled into the gears and he lost four fingers of his right hand together with other injuries. Plaintiff was paid the sum of $143.36 by the Federal Security Agency for the period December 3, to January 13, 1946.

The United States has moved to dismiss the complaints on the ground that both plaintiffs have received the benefits to which they are entitled under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., which benefits bar recovery in the present suit under the Federal Tort Claims Act.

The broad purpose of the Federal Tort Claims Act was to "relieve Congress of the duty of considering hundreds of bills introduced annually for the reimbursement of persons for torts committed by governmental agencies or agents".[2] Redress by legislation was held to be "burdensome to

---

[1] Act of August 2, 1946, c. 753, Title IV, § 401 et seq., 60 Stat. 843 et seq., as amended by Act of August 1, 1947, c. 446, 61 Stat. 722.

[2] Skeels v. United States, D.C., 72 F. Supp. 372, 373.

Congress and as being unjust to the claimants, in that it does not accord to the injured parties a recovery as a matter of right but bases any award that may be made on consideration of grace".[3] The act represents a culmination of years of unsuccessful attempts by preceding Congresses to remove sovereign immunity for its torts and provide a judicial forum for redress.[4]

The defendant concedes that there are cases holding that the Federal Employees' Compensation Act is not an exclusive remedy where a civil employee of the United States is injured while acting within the scope of his employment. Panama R. R. v. Strobel, 5 Cir., 282 F. 52; Panama R. R. v. Minnix, 5 Cir., 282 F. 47; Payne v. Cohlmeyer, 7 Cir., 275 F. 803.

It argues, however, that in all of those cases the plaintiff had alternative subsisting remedies to the acceptance of benefits under the Federal Employees' Compensation Act. It makes the point that the Federal Tort Claims Act did not contemplate a duality of benefits to the injured employee of the United States and that acceptance of the specific benefits available under the Federal Employees' Compensation Act discharged the liability of the United States to these plaintiffs for the injuries they have suffered.

Section 421 [5] of the Federal Tort Claims Act sets out the express exceptions to the benefits of the Act. Civilian employees of the United States injured within the scope of their employment are not mentioned as being excluded from its provisions either before or after acceptance of the benefits of the Federal Employees' Compensation Act.[6]

Acceptance of the benefits of the compensation statute in some cases has been deemed an election. Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696; Brady v. Roosevelt S. S. Co., 317 U.S. 575, 577, 581, 63S.Ct. 425, 87 L.Ed. 471; United States v. Marine, 4 Cir., 155 F.2d 456; Militano v. United States, D.C., 55 F.Supp. 904.

The plaintiffs had alternative remedies existing at the time the causes of action arose in the cases cited in the preceding paragraph. In the Dahn case, the employee elected to accept benefits of the Federal Employees' Compensation Act although injuries occurred after passage of the Federal Control Act of March 21, 1918, c. 25, 40 Stat. 451, which permitted suits against the government through the Director General of Railroads. The Brady case involved the alternative remedies of the Federal Employees' Compensation Act and the Suits in Admiralty Act, 46 U.S.C.A. §§ 741, 742, both available to the employee at the time of injury. There was a choice existing between the Suits in Admiralty Act and the Federal Employees' Compensation Act in the Marine case. The Militano case involved an election between the Jones Act, 46 U.S.C.A. § 688, 46 U.S.C.A. § 781 and the Federal Employees' Compensation Act.

The Federal Tort Claims Act waived the immunity of the United States to be sued for redress of its torts with certain exceptions [7] not applicable here and pro-

---

[3] Senate Report No. 1400, 79th Congress, 2d Session (1946), to accompany S. 2177, Legislative Reorganization Act of 1946, at page 30.

[4] Senate Report No. 1400, supra, p. 30; Commissioners of the State Ins. Fund v. United States, D.C., 72 F.Supp. 549, 552, 55°.

[5] 28 U.S.C.A. § 943.

[6] "All of the tort claim bills of the second period of Congressional consideration of this subject as well as a number of those of the first period include in the above mentioned exceptions from the coverage of the law, any claims for which compensation is provided by the Federal Employees' Compensation Act, as amend-

ed * * * However, the present law is silent in this regard. The prints of the bill, S. 2177, in the various steps of its enactment, the committee reports and the hearing fail to mention these statutes or give any reason for their non-inclusion. Under such circumstances, a presumption arises that where a claim is cognizable under the present law, which is not barred by the * * * statutes relating to federal employees * * * such claims may, under the election of remedies theory be prosecuted hereunder". Gottlieb, The Federal Tort Claims Act-A Statutory Interpretation (1946) 35 Georgetown L. J. 1, 57.

[7] 28 U.S.C.A. § 943.

vided a judicial forum. The waiver of immunity was retroactive to January 1, 1945.[8]

The plaintiff Crawley's cause of action arose on the date of injury, March 20, 1945. In the case of the plaintiff White, the date was November 26, 1945. The awards of federal compensation were made months in advance of the effective date of the Federal Tort Claims Act, August 2, 1946, but after January 1, 1945. Thus, there could be no waiver or election by the plaintiffs in accepting compensation since alternative remedies were not in existence at the time claims were made for compensation.[9]

Under these circumstances, the plaintiffs are entitled to test the remedy provided under the Federal Tort Claims Act and if they prevail and damages are awarded in their favor the amounts of compensation received by them shall be set off or deducted from such award of damages.[10] Indeed, both plaintiffs have expressly offered to make tender of the compensation received by them.

The motion of the defendant to dismiss the complaint in each case is denied. Orders should be entered accordingly.

---

[8] 28 U.S.C.A. §§ 921(a), 931(a).

[9] Cf. Johnsen v. American-Hawaiian S. S. Co., 9 Cir., 98 F.2d 847, 850.

[10] 28 U.S.C.A. § 932.