**HENSON v. UNITED STATES.**

No. 6590.

United States District Court
E. D. Missouri, E. D.
Dec. 5, 1949.

John D. Hasler, of St. Louis, Mo., for plaintiff.

Drake Watson, United States Attorney, of New London, Mo., and William V. O'Donnell, Assistant United States Attorney, of St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiff seeks recovery under the Federal Tort Claims Act. 28 U.S.C.A. §§ 1346, 2671 et seq. The jurisdiction of the Court is questioned by the defendant's motion to dismiss on two grounds: (1) that the suit is not filed within the statutory, Tort Claims Act, period; and (2) the injury complained of is not covered by the provisions of the Tort Claims Act.

I. The complaint alleges exposure, as employee of defendant, in place of work as the result of which plaintiff contracted a severe cold in his chest causing illness and weakness of his lungs and respiratory tract, as a direct result of which it was discovered, on June 3, 1947, that he had pulmonary tuberculosis in both lungs. Suit was filed June 24, 1949. Plaintiff seeks recovery for $14,186.

■ The limitation period for bringing action under the Federal Tort Claims Act is one year, unless the claim, "not exceeding $1,000", 28 U.S.C.A. § 2401, is presented to a Federal agency, in which event the suit will not be barred until the expiration of six months after final disposition of the claim by the agency. The complaint alleges a claim was presented to the Bureau of Employees' Compensation of the Federal Security Agency, and was denied on May 25, 1949. Under the terms of the Act, § 2672, an agency may consider claims for $1,000 or less. Suit may not be filed for a sum in excess of the amount of the claim presented to the agency. § 2675. By brief defendant professes ignorance of what is meant by the "Bureau of Employees' Compensation of the Federal Security Agency".

■ We now inform counsel for the respective parties that upon trial of this case this feature of the case will be tried first. For plaintiff to avoid the effect of the statute of limitations it will be necessary for him to show compliance with the Act and also justify the prayer of his petition for $14,186.

II. Defendant urges dismissal on the ground that "tuberculosis" cannot be a personal injury, to confer jurisdiction under the Act. Connected with this question, we must also decide "if a private person * * * (would be) liable" under the law of Missouri where the act or omission occurred.

We have found no decisions under the Tort Claims Act involving the scope of the words "personal injury" with reference to the contracting of a disease. Their meaning has been considered with regard to other Federal acts, however. The original Federal Employees' Compensation Act, 35 Stat. 556, was held not to cover diseases contracted in the course of employment, in an opinion by the Attorney General. 1910, 28 Op.Atty.Gen. 254. Subsequently Congress specifically extended the coverage of that act to include "any disease proximately caused by the employment", 5 U.S. C.A. § 790, thus repudiating, or nullifying, the restriction placed upon the meaning of the word "injury" by the Attorney General.

Numerous cases under the Jones Act, 46 U.S.C.A. § 688 have held or accepted without question that the contracting of tuberculosis is a personal injury within the terms of that Act. Hiltz v. Atlantic Refining Co., 3 Cir., 1945, 151 F.2d 159; Rey v. Colonial

Nav. Co., 2 Cir., 1941, 116 F.2d 580; Mc-Kenney v. Swayne & Hoyt, Ltd., 5 Cir., 1939, 104 F.2d 20; Boboricken v. United States, D.C., 76 F.Supp. 70; Moriarty v. Oliver J. Olson & Co., D.C., 72 F.Supp. 446.

The Federal Tort Claims Act has been held applicable to suits by Federal employees. Welker Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918. Injured Federal employees have an election of remedies, compensation under the Federal Employees' Compensation Act without regard to negligence, and suit under the Federal Tort Claims Act where negligence must be proven. Jefferson v. United States, D.C., 74 F.Supp. 209; White v. United States, D. C., 77 F.Supp. 316. It does not seem logical or fair that, by a strained construction, the benefits of the latter Act should be denied to certain of these employees, when all have been declared by Congress to have compensable injuries under the former Act. It is more reasonable to assume that Congress intended a like construction to be given these words, as applied to Federal employees, in the Tort Claims Act, as was given in the Federal Employees' Compensation Act and the Jones Act.

On the question whether there would be liability under the law of Missouri, on the plaintiff's case as pled, if the defendant were a private party, the following cases are against defendant's contention: Ford Motor Co. v. Brady, 8 Cir., 1934, 73 F.2d 248, 253; Vogt v. Lambert Pharmacal Co., Mo.App., 218 S.W.2d 788, 791; Row v. Cape Girardeau Foundry Co., Mo.App., 141 S.W.2d 113, 118; Vogt v. Ford Motor Co., Mo.App., 138 S.W.2d 684, 687–688. The disease must proximately result from an accident before there could be recovery under the Missouri Workmen's Compensation Act, Mo.R.S.A. § 3689 et seq., but if the disease "resulted progressively from the cumulative effect of the conditions to which he was subjected," [141 S.W.2d 118] as distinguished from an "accident," the employee would then have a common law action based upon negligence, assuming the result of disease was one peculiar to the employment and the employer

had not accepted the benefits of the Compensation Act on occupational disease.

In Missouri the claimant would have a cause of action against a private person on either a statutory or a common law ground. We conclude liability thus devolving upon the employer under the law of Missouri in a civil proceeding, of the nature pled, meets the test of the Tort Claims Act. If it is a case covered by the provisions of the Missouri Workmen's Compensation Act the employer is not relieved of "liability" but "liability" and compensation is determined by an administrative agency. The fact that the liability and compensation in Missouri is determined by an administrative agency does not in our opinion make the "liability" one of a character not covered by the broad general terms used in the Federal Tort Claims Act. Based on the pleading we hold this Court has jurisdiction.

Order

Defendant's motion to dismiss plaintiff's complaint is overruled.