## OCASIO v. UNITED STATES.

Civ. No. 5233.

United States District Court
D. Puerto Rico.
March 21, 1951.

Charles H. Julia, San Juan, P. R., for plaintiff.

Francisco Ponsa-Feliu, U. S. Atty., San Juan, P. R., for defendant.

ROBERTS, District Judge.

The defendant herein, United States of America, in its answer to the amended complaint raised as a "Fourth Defense" the defense of election of remedies, alleging that "the plaintiff herein, as beneficiary of the deceased Julio Antonio Cirilo, has claimed compensation and benefits under the Federal Employees' Compensation Act [5 U.S.C.A. § 751 et seq.], and has received and accepted payment on his claim for reimbursement of burial expenses incurred, and said action on the part of the plaintiff constitutes an election of remedy on his part which bars relief under the Federal Tort Claims Act [28 U.S.C.A. §§ 1346, 2671 et seq.]". .

The facts pertinent to the defense of election of remedies presented by the defendant, and accepted to be true by both parties, are the following:

The accident occurred on March 4, 1948. Julio Antonio Cirilo, who at that time was an employee of the United States, was killed as a result of the injuries sustained in said accident. On March 12, 1948 the plaintiff herein, Julio Cirilo Ocasio, father of the deceased Julio Antonio Cirilo, filed with the United States Employees' Compensation Commission a claim for compensation on account of the death of his son. The filing of the claim was followed by the filing of several other documents in furtherance and in support of the original claim. (All of which appear in the certified file admitted in the pre-trial conference held on November 30, 1950, referred to in paragraph (1), of the pre-trial order of said date.) The claim before the Commission was prosecuted by plaintiff herein until compensation orders were finally entered on August 10, 1949 (Case No. X–366220) awarding to Julio Cirilo Ocasio and to Natividad Couvertier de Cirilo, his wife, a monthly compensation of $13.50 each, and $200 to Cirilo for funeral and burial expenses. Retroactive payment of the compensation covering the period from March 5, 1948 to June 30, 1949, in the amount of $214.20 was also ordered in favor of each of them.

Check No. 71,021,424, in the amount of $200, was issued on January 11, 1949 by the Treasurer of the United States in favor of

602

Julio Cirilo Ocasio in payment of the burial expenses, and was cashed and collected by him on February 16, 1949.

The original complaint in this Court was filed on October 14, 1948. The Government filed a motion to dismiss on December 9, 1948, and an amended complaint was filed on February 11, 1949. The Government filed on March 8, 1949 the answer to the amended complaint where the defense of election of remedies was raised for the first time in the suit. At that time the Government check for $200 had already been paid to the plaintiff and cashed by him. All other checks issued for compensation benefits were returned to the United States and were not cashed.

Under the above facts the Court rules that the defense of election of remedies presented by the defendant must be sustained, and that therefore the claim of the plaintiff under the Federal Tort Claims Act is barred and should be dismissed. See Parr v. United States, 10 Cir., 172 F.2d 462; White v. United States, D.C., 77 F.Supp. 316; Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696; Brady v. Roosevelt Steamship Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471.

The defense of election of remedies is hereby sustained, and the complaint in this case is dismissed.